**Exhibit "B"**

Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>SEAN O'LEARY JR., et al.<br>   Defendants. | Civil Action No. 17-cv-988TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>JONATHAN DUTCZAK, et al.<br>   Defendants. | Civil Action No. 17-cv-990TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>MARTIN RAWLS, et al.<br>   Defendants. | Civil Action No. 17-cv-991TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>INA SICOTORSCHI, et al.<br>   Defendants. | Civil Action No. 17-cv-1074TSZ |

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 1

INIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| VENICE PI, LLC,<br>                Plaintiff,<br>   v.<br>GREGORY SCOTT, et al.<br>                Defendants. | Civil Action No. 17-cv-1075TSZ |
| VENICE PI, LLC,<br>                Plaintiff,<br>   v.<br>YELENA TKACHENKO, et al.<br>               Defendants. | Civil Action No. 17-cv-1076TSZ |
| VENICE PI, LLC,<br>                Plaintiff,<br>   v.<br>CELINA POTTER, et al.<br>                Defendants. | Civil Action No. 17-cv-1160TSZ |
| VENICE PI, LLC,<br>                Plaintiff,<br>   v.<br>TONJA LAIBLE, et al.<br>                Defendants. | Civil Action No. 17-cv-1163TSZ |
| VENICE PI, LLC,<br>                Plaintiff,<br>   v.<br>VICTOR TADURAN, et al.<br>                Defendants. | Civil Action No. 17-cv-1164TSZ |

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 2

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| VENICE PI, LLC,<br>　　　　Plaintiff,<br>　v.<br>JESSE COOPER, et al.<br>　　　　Defendants. | Civil Action No. 17-cv-1211TSZ |
| VENICE PI, LLC,<br>　　　　Plaintiff,<br>　v.<br>JASMINE PATTERSON, et al.<br>　　　　Defendants. | Civil Action No. 17-cv-1219TSZ |
| VENICE PI, LLC,<br>　　　　Plaintiff,<br>　v.<br>DAVID MEINERT, et al.<br>　　　　Defendants. | Civil Action No. 17-cv-1403TSZ |

**PLAINTIFF'S RESPONSE TO LYNCH DECLARATION**

**I.    INTRODUCTION**

Attorney Christopher Lynch's ("Lynch") declaration, filed in Case No. 17-cv-1403TSZ as Dkt. 45-1 but purportedly made applicable to all pending Venice PI cases, makes one thing clear: Mr. Lynch, in an effort to fuel conspiracy theories, has spent countless hours comparing hundreds of decade old declarations from different declarants which do not relate to the declarant, the Plaintiff, the defendants, or the infringements *in this case*. While Lynch's declaration centers on conspiracy theories regarding old declarations, he provides no explanation for why, in the last nine years, neither he nor any of his clients ever dared to test or examine any infringement detection system used by Excipio or GuardaLey. Meanwhile, in the last several years, numerous plaintiffs who file BitTorrent cases have spent significant time and resources to retain independent experts who have *repeatedly* tested the system—each of which have found the system to be exactly what

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 3
INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1  it purports to be and fully accurate. And, despite Mr. Lynch's extensive research, he conveniently
2  fails to mention that some plaintiffs who have used GuardaLey's or Excipio's system have *proved*
3  infringement by locating the relevant copyrighted works on a defendant's hard drive, *proved*
4  spoliation of the hard drive, or *proved* the falsification of travel records to cover up infringement.
5  One thing is clear: Plaintiff's own research shows that many BitTorrent plaintiffs have fought an
6  uphill battle before numerous Courts across the country and rather than present mere speculation,
7  those plaintiffs have actually presented evidence to support their claims.

8  Mr. Lynch points to irrelevant declarants from cases with different plaintiffs, defendants,
9  and infringements in an effort to convince this Court to not trust Daniel Arheidt. In this case, the
10 accuracy of Mr. Arheidt's declaration is all that matters and defense counsel is free to challenge
11 the accuracy of that declaration. Truthfully, even if Mr. Arheidt was untrustworthy (which he is
12 not), Plaintiff does not need him to prove the infringements here. Indeed, *anyone* can compare the
13 torrented version of the movie with the original control copy of the work—even Mr. Lynch
14 himself. And experts such as Benjamin Perino and Stephen Bunting can testify as to the content
15 of the PCAPs and infringement logs.

16 Notwithstanding the strength of the evidence and the accuracy of the infringement
17 detection system used, Plaintiff understands that Mr. Lynch has provided a deeply misguided
18 declaration that warrants a response. As such, Plaintiff provides the following response addressing
19 those concerns.

20 II. **ARGUMENTS**

21 A. <u>Mr. Benjamin Perino's Declaration Submitted to this Court is Accurate</u>

22 Mr. Lynch's claims that Benjamin Perino's ("Perino") declaration submitted to this Court
23 contains an inaccurate work history. (Dkt. 45-1, p. 6-8) He cites to a number of declarations dating
24 back to 2011 wherein Mr. Perino noted that he was a manager at U.S. Copyright Group ("USCG").
25 The work history listed in Perino declaration before this Court is accurate. This is because it was
26 in Mr. Perino's role as the CEO of GuardaLey that he managed USCG's technical tasks dealing

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 4

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

with the infringement detection system. At the time, USCG considered Mr. Perino to be a part of their management team since he was CEO of GuardaLey and GuardaLey was tasked with managing and executing the technical projects related to the infringement detection system. However, Mr. Perino was only paid by GuardaLey. He was never paid by USCG. (Perino Supp. Dec. ¶ 5)

### B. Mr. Patrick Achache's Declarations in Other Cases are Irrelevant

Mr. Lynch's declaration discusses the "10 years of experience" listed in Patrick Achache's ("Mr. Achache") old declarations. (Dkt. 45-1, p. 8-9) Mr. Achache's declarations are irrelevant to this case. These old declarations have been used in other cases, in other districts, or for other plaintiffs, which concern completely different infringements. Mr. Achache´s biography (can be found here: https://patrickachache.com/biography/) states correctly that "He has been active in the anti-piracy movement for more than 10 years now," while also working as a consultant for companies such as Siemens, Mercedes-Benz and Anheuser Bush.

### C. Mr. Perino Used His Electronic Signature to Sign Declarations Many Years Ago

Mr. Lynch's declaration discusses the various photographed signatures in a number of old declarations signed by Messrs. Perino and Achache. (Dkt. 45-1, p. 9-10) Of these two declarants, only Mr. Perino is relevant to the filings to date. Mr. Perino has hand signed every one of his declarations submitted to this Court by printing, signing with a pen, and scanning the signature page. Many years ago, in unrelated cases, Mr. Perino had a photographed signature that he used to sign his declarations. This is a very common practice, and was used in that case to avoid the time-consuming task printing and hand signing hundreds of documents while he was abroad. Regardless, this photographed signature was Mr. Perino's hand-signed signature which he authorized to be used to stamp into every approved declaration. While still a viable method of utilizing a signature, Mr. Perino has not used this method to sign documents in many years. (Perino Supp. Dec. ¶ 6)

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 5

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES ᴘʟʟᴄ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

D.  GuardaLey is Not the Plaintiff in This Case or Any Pornography BitTorrent Case

Mr. Lynch calls Malibu Media, LLC[1] cases "GuardaLey's pornography cases." (Dkt. 45-1, p. 11) However, GuardaLey is not the plaintiff in any federal BitTorrent copyright infringement case in the United States. In a desperate attempt to draw a correlation between Plaintiff in this case and Malibu Media, Lynch points to the metadata in one of undersigned's filings in this case. This argument borders on deceptive. The exhibit with Malibu Media metadata contains a *Malibu Media transcript* and a court order from a *Malibu Media case*. Thus, it makes perfect sense that a portion of the metadata would contain the term "Malibu Media." To be clear, undersigned's response to this Court's show cause order was not prepared by Malibu Media, LLC and the undersigned has never represented Malibu Media, LLC. (Lowe Supp. Dec. ¶ 5)

Throughout his declaration, Mr. Lynch notes that several declarations across BitTorrent plaintiffs appear to be similar. While Plaintiff has only limited knowledge about those who currently work for GuardaLey, and virtually no knowledge of those who previously worked for GuardaLey, Plaintiff believes these declarations are similar because these individuals have performed the same or similar duties for other companies. Indeed, as previously stated, Tobias Fieser works with both GuardaLey and IPP. And Daniel Arheidt works with both GuardaLey and MaverickEye. They each perform similar duties involving the verifications of hash values, and the accurate correlation of data to the infringement log files. Thus, it would make sense that those declarations contain similar language. Further, the similarity of such declarations does not mean that particular companies are all related to each other.

E.  GuardaLey is Not Excubitor, Copyright Defenders, IP Squared Technologies, or Crystal Bay

Mr. Lynch's declaration states that in the spring of 2012, GuardaLey stopped filing declarations, and instead declarations were filed by Excubitor, Copyright Defenders, IP Squared

---

[1] Malibu Media, LLC is a California company that produces adult content. Malibu Media, LLC is also a plaintiff in other federal BitTorrent copyright infringement cases.

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 6

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Technologies, and Crystal Bay. (Dkt. 45-1, p. 13-15) From this, Mr. Lynch draws the conclusion that GuardaLey *is* Excubitor, Copyright Defenders, IP Squared Technologies, and Crystal Bay. As support he again points to the similar language listed in different declarations filed by declarants from these companies. That support is debunked, as noted above. Moreover, neither GuardaLey or Mr. Perino has ever owned or worked with the foregoing companies. (Perino Supp. Dec. ¶ 7) Mr. Perino has stated that he believes that Excubitor and Copyright Defenders are companies formed by individuals who owned and operated Excipio. He also stated that he believes that IP Squared Technologies was owned and operated by Joshua Partridge and William Gorfein who briefly worked with GuardaLey. (Id.) Essentially, all that Mr. Lynch has pointed out is the irrelevant fact that other plaintiffs have used other data companies in their BitTorrent cases and subsequently used publically available declaration templates.[2] Respectfully, numerous BitTorrent litigation defense counsel file near identical motions to quash, declarations, and other court filings—when the subject matter is similar or other considerations so demand—and such practice does not impact the validity of the filings.

F. <u>Mr. Lynch Argues about Semantics When Criticizing Undersigned's Declaration</u>

Mr. Lynch claims that Mr. Lowe misrepresented facts to this Court in his prior declaration. (Dkt. 45-1, p. 15) Such accusation is baseless and unprofessional. Mr. Lowe's declaration states:

> I understand that Mr. Griffin is an individual who worked briefly for Crystal Bay Corporation in the 2012-2013 to verify infringement detection data licensed from Excipio. As explained in the Supplemental Declaration of Ben Perino, Excipio is a company to which parts of the GuardaLey infringement detection system were outsourced in the 2012-2015 time period (see K 16), and which in turn licensed the technology to others, believed to have included Crystal Bay. I have no personal knowledge about Crystal Bay, and never worked with that entity. The only information I can glean from that entity is obtained from the South Dakota Secretary of State website, attached as Exhibit A, which indicates that the entity

---

[2] The history between GuardaLey and Excipio is a complicated one. Indeed, while the companies worked together for a short time, GuardaLey and Excipio eventually ceased working together, and Excipio thereafter became GuardaLey's competitor. Further, during the time when GuardaLey contracted work to Excipio, GuardaLey was not involved in detection of infringements, the verification of those infringements, or the declarations used to support the verification of infringements.

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 7

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES<sub>PLLC</sub>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

was formed in March 2012 and ceased existence in or around March 2015. […] Mr. Griffin apparently verified infringement detection data and submitted a number of declarations in various jurisdictions confirming the data, similar to what has been done in these cases by Mr. Arheidt. But I have never met or worked with Mr. Griffin and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

(Dkt. 38, p. 4-5) Mr. Lynch asserts that undersigned "incorrectly claims that no declarations of 'Darren M. Griffin' have been filed in this District." (Dkt. 45-1, p. 25) However, this is not what Mr. Lowe's declaration stated. Rather, Mr. Lowe's declaration makes clear that *he* has never submitted a declaration from Darren Griffin in any case in this jurisdiction. (Dkt. 38, p. 4-5 ("But I have never met or worked with Mr. Griffin and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.")). Claiming a misrepresentation, Mr. Lynch cites to a string of cases which Mr. Lowe did not file, but which were instead filed by other counsel for plaintiffs in those cases—which are completely irrelevant. (Lowe Supp. Dec. ¶¶ 2-3)

In addition, Mr. Lowe's earlier declaration states that he has never worked with Crystal Bay, which is true. While the plaintiff in certain cases provided Mr. Lowe's firm with investigator declarations from individuals working with Crystal Bay at the time (e.g., Daniel Macek), Mr. Lowe never had any occasion to interact with Crystal Bay directly. As accurately stated in Mr. Lowe's earlier declaration, he does not have knowledge of this entity apart from the noted association one or more investigators apparently had with the entity at some point in time, and he has no knowledge regarding the formation, maintenance, ownership or workings of this entity. Again, the only information Mr. Lowe can glean from Crystal Bay is obtained from the South Dakota Secretary of State website. (Id. ¶ 4)

Mr. Lynch states that "[f]ictitious declarant 'Darren M. Griffin' is literally connected to the other declarants in Mr. Lowe's cases." This is a patently false and purely speculative assertion. In support Mr. Lynch first notes that "the times of alleged observations by those declarants literally overlap among declarants and their purported employers[.]" (Dkt. 45-1, p. 29) However, this cannot possibly establish that Mr. Griffin is relevant to this case—where Plaintiff has provided

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 8

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES ₚₗₗc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

unrefuted evidence regarding the investigators actually used and declarations submitted therefrom. Nor does it establish that Mr. Griffin is fictitious; just because Mr. Griffin and other irrelevant declarants worked for a particular company many years ago and Plaintiff has not produced Mr. Griffin's legal form of identification does not mean that Mr. Griffin does not exist.

While it remains irrelevant to any of these proceedings, simply to put this issue to rest, Plaintiff has undertaken significant private efforts and investigation to locate Darren M. Griffin, or otherwise confirm that he is a "real person" who (1) worked briefly for Crystal Bay Corporation in the 2012-2013 to verify data licensed from Excipio; and (2) verified infringement detection data and submitted a number of declarations in various jurisdictions confirming the data. Despite considerable expense, Mr. Griffin has not been located. However, the declaration of Patrick Achache, submitted herewith, confirms that Darren M. Griffin is a real person and performed the work attributed to him as noted above. (Achache Dec. ¶ 4) Barring evidence to the contrary—as opposed to any mere speculation by Mr. Lynch or others—this should once and for all put that issue to rest, and any further speculative assertions by Mr. Lynch and his ilk should not be countenanced by the courts.

  G. <u>The Similarity of Declarations from Individuals Hired to Perform Similar Duties Is Acceptable</u>

Lynch states that there is "[o]bservation overlap among declarants and companies" (Dkt. 45-1, p. 30) and that "Mr. Arheidt's declaration is directly derived from 'Darren M. Griffin' and the other Guardaley declarants." (Dkt. 45-1, p. 34) As previously addressed, during particular points in time, different individuals simultaneously completed work for different companies. And some companies have several employees doing the same or similar tasks. For example, as Plaintiff previously noted, Mr. Arheidt works for GuardaLey and also completes similar work for MaverickEye. Thus, it makes sense that their declarations would be similar. Lynch has not explained how any of these overlaps show "(i) that the declarants are not making observations, and (ii) the data is not being collected by differing entities." (Dkt. 41-1, p. 32) The opposite is in

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 9

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES<sub>PLLC</sub>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

fact true. Moreover, Mr. Lynch's insinuation that somehow overlapping observations of the same data affect the veracity of the investigation is wholly baseless. Plaintiff reasserts that in this case, the data is collected by GuardaLey's infringement detection system and that in these cases, at least, Daniel Arheidt verified hash values and log files on behalf of MaverickEye UG. Mr. Lynch's wild speculation as to prior declarations of other individuals is completely irrelevant to the case at hand.

Mr. Lynch points to a limited example of certain digital signatures as basis for the conspiracy theories. Specifically, he notes that the photographed signature of these declarants contains a date that precedes the last date of infringement within the respective case. (Dkt. 41-1, p. 22) However, as already noted, the signatures were digital signatures. And the inclusion of a date preceding the last date of infringement is obviously a clerical error. This does nothing to negate the fact that Daniel Arheidt—**the only relevant declarant in this case**—has and is willing to attest to the verification of the infringements.

### H. Mr. Arheidt uses the Charts to Complete the Verification Process

Lynch states that "[t]he typed up charts of alleged infringement cannot be direct output of a computer program." The infringement verification data is generated by a computer system. The resulting data may be formatted to adjust the margins, font, borders, etc., but that does not diminish in any way the veracity of the underlying data. The spreadsheets submitted in the various cases are a part of the verification process that Daniel Arheidt completes. Indeed, part of Mr. Arheidt's job is to verify that the spreadsheets contain accurate data matching the data in the infringement detection system's logs—meaning he ensures that there has been no inadvertent changes to the infringement data during the formatting process. In other words, the spreadsheets and the declarations regarding the same are sent to Daniel Arheidt. Before Mr. Arheidt signs the declaration, a computer program further checks the data in the spreadsheets against the original records in the database. This ensures that the data in the exhibits to the complaints correctly list IP addresses and infringement dates and times. Indeed, accuracy of this information is critical in identifying a subscriber of an IP address. All that Mr. Lynch has established is that, regardless of

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 10

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

investigator or investigative company, each attorney has his or her own way of modifying the format of the chart presented in their exhibits.

### III. CONCLUSION

Plaintiff respectfully requests that this Court disregard Mr. Lynch's declaration and discharge its show cause and allow Plaintiff to exercise its right to enforce its federal copyright against willful infringers in this District as any other federal copyright holder is entitled under law to do.

RESPECTFULLY SUBMITTED May 25, 2018.

                    s/David A. Lowe, WSBA No. 24,453
                    Lowe@LoweGrahamJones.com
                    LOWE GRAHAM JONES<sup>PLLC</sup>
                    701 Fifth Avenue, Suite 4800
                    Seattle, WA 98104
                    T: 206.381.3300

                    Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 11

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

PLAINTIFF'S RESPONSE TO LYNCH
DECLARATION - 12

INIP-6-0088P21 RESP_CLINIP-6-0088P21 RESP_CL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301