## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., ET AL., | |
| Plaintiffs, | No.  3:21-cv-15310-FLW-TJB |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| RCN TELECOM SERVICES OF MASSACHUSETTS, LLC and RCN TELECOM SERVICES, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

*Attorney for Defendants RCN Telecom Services of Massachusetts, LLC and RCN Telecom Services, LLC [additional counsel on signature block]*

Defendants RCN Telecom Services of Massachusetts, LLC, and RCN Telecom Services, LLC, (collectively, the "RCN Defendants") state as follows for their Answer and Affirmative Defenses to the First Amended Complaint of Plaintiffs After II Movie, LLC; Bodyguard Productions, Inc.; Hitman Two Productions, Inc.; LHF Productions, Inc.; Millennium Funding, Inc.; Millennium IP, Inc.; Millennium Media, Inc.; Mon, LLC; Nikola Productions, Inc.; Outpost Productions, Inc.; Rambo V Productions, Inc.; Venice PI, LLC; Voltage Holdings, LLC; and Wonder One, LLC ("Plaintiffs").   Except to the extent expressly admitted herein, the RCN Defendants deny each and every allegation of the First Amended Complaint.  The numbered paragraphs below correspond to the numbered paragraphs in the First Amended Complaint. The RCN Defendants further deny any allegations or implications contained in any of the headings of Plaintiffs' First Amended Complaint.

### Nature of the Action and Personal Jurisdiction[1]

1.     The RCN Defendants admit that Plaintiffs have attempted to state claims under the copyright laws of the United States.   The RCN Defendants otherwise deny the allegations in Paragraph 1 and deny that they have infringed any copyrights.

---

[1] For clarity only, the RCN Defendants' Answer repeats the headings in Plaintiffs' First Amended Complaint.  The recitation of the headings is not an admission of any assertions made by Plaintiffs.

2.     The RCN Defendants admit that Plaintiffs have attempted to state claims under the copyright laws of the United States.  The RCN Defendants otherwise deny the allegations in Paragraph 2 and deny that they have infringed any copyrights.

3.     RCN Telecom Services, LLC admits that it conducts business within this jurisdiction and that this Court has personal jurisdiction over it in this action, but the RCN Defendants deny all remaining allegations, implications, and inferences contained in Paragraph 3.

4.     The RCN Defendants admit the allegations in Paragraph 4.

5.     Denied.

**Parties**

6.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore deny them.

7.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore deny them.

8.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore deny them.

9.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore deny them.

10.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore deny them.

11.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore deny them.

12.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore deny them.

13.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore deny them.

14.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore deny them.

15.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore deny them.

16.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore deny them.

17.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore deny them.

18.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore deny them.

19.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore deny them.

20.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore deny them.

21.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore deny them.

22.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore deny them.

23.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore deny them.

24.     The RCN Defendants admit the allegations in Paragraph 24.

25.     The RCN Defendants deny the allegations in Paragraph 25.

26.     The RCN Defendants deny the allegations in Paragraph 26.

27.     The RCN Defendants deny the allegations in Paragraph 27.

28.     The RCN Defendants admit the allegations in Paragraph 28.

29.     The RCN Defendants admit they have an ARIN "Org" handle with an address of 650 College Road East, Princeton, NJ, 08540 United States, but deny the remaining allegations, implications, and inferences contained in Paragraph 29.

30.     The RCN Defendants admit the allegations in Paragraph 30.

31.     The RCN Defendants admit the allegations in Paragraph 31.

32.     The RCN Defendants admit the allegations in Paragraph 32.

33.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore deny them.

34.     The RCN Defendants admit they have registration agreements with ARIN but deny the remaining allegations, implications, and inferences contained in Paragraph 34.

35.     The RCN Defendants admit the allegations in Paragraph 35.

36.     The RCN Defendants admit that Defendant RCN Telecom Services, LLC is located at the address RCN publishes for its ZR40-ARIN and RAD75-ARIN handles but deny the remaining allegations, implications, and inferences contained in Paragraph 36.

37.     The RCN Defendants admit the allegations in Paragraph 37.

38.     The RCN Defendants admit that they operate as an Internet Service Provider, but deny the remaining allegations, implications, and inferences contained in Paragraph 38.

39.     The RCN Defendants admit that they advertise their internet speeds, but deny the remaining allegations, implications, and inferences contained in Paragraph 39.

40.     The RCN Defendants deny the allegations in Paragraph 40.

41.     The RCN Defendants deny the allegations in Paragraph 41.

42.     The RCN Defendants admit they charge their subscribers monthly fees, but deny the remaining allegations, implications, and inferences contained in Paragraph 42.

43.     The RCN Defendants deny the allegations in Paragraph 43.

44.     The RCN Defendants deny the allegations in Paragraph 44.

## Joinder

45.     Paragraph 45 asserts a legal conclusion to which no response is required.  To the extent a response is required, the RCN Defendants state that the provisions of Rule 20 speak for themselves, and deny the allegations of Paragraph 45 to the extent they are inconsistent with the rule. The RCN Defendants further deny the remaining allegations, implications, and inferences contained in Paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required.  To the extent a response is required, the RCN Defendants state that the provisions of Rule 20 speak for themselves, and deny the allegations of Paragraph 46 to the extent they are inconsistent with the rule. The RCN Defendants further deny the remaining allegations, implications, and inferences contained in Paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required. To the extent a response is required, the RCN Defendants deny the allegations in Paragraph 47.

## Subject Matter Jurisdiction and Venue

48.     The RCN Defendants state that the provisions of 17 U.S.C. §§ 101, et. seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338 speak for themselves, and deny the allegations of Paragraph 48 to the extent they are inconsistent with the statute. Further responding, Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, the RCN Defendants deny the allegations in Paragraph 48.

49.     RCN Telecom Services, LLC admits that venue in this judicial district is proper.  The RCN Defendants otherwise deny the allegations in Paragraph 49.

## Factual Background

### A) The Plaintiffs Own the Copyrights to the Works

50.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore deny them.

51.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore deny them.

52.     The RCN Defendants deny the allegations in Paragraph 52.

53.     The RCN Defendants deny the allegations in Paragraph 53.

54.    The RCN Defendants deny the allegations in Paragraph 54.

55.    The RCN Defendants deny the allegations in Paragraph 55.

**B) Defendants' Subscribers Infringe Plaintiffs' Copyrights**

56.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and therefore deny them.

57.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore deny them.

58.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and therefore deny them.

59.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and therefore deny them.

60.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and therefore deny them.

61.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and therefore deny them.

**1) The Initial Seed, Torrent, Hash and Tracker**

62.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and therefore deny them.

63.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and therefore deny them.

64.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and therefore deny them.

65.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and therefore deny them.

66.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and therefore deny them.

67.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore deny them.

68.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore deny them.

69.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore deny them.

70.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore deny them.

71.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore deny them.

**2) Torrent Sites**

72.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and therefore deny them.

### 3) Defendants' subscribers access torrent sites from IP addresses provided by Defendants

73.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore deny them.

74.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and therefore deny them.

### 4) Uploading and Downloading a Work Through a BitTorrent Swarm

75.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and therefore deny them.

76.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore deny them.

77.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore deny them.

78.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and therefore deny them.

79.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and therefore deny them.

80.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and therefore deny them.

81.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and therefore deny them.

82.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and therefore deny them.

**5) Plaintiffs' computer investigator identified Defendants' IP addresses as participants in swarms that were distributing Plaintiffs' copyrighted works**

83.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and therefore deny them.

84.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and therefore deny them.

85.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and therefore deny them.

86.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore deny them.

87.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore deny them.

88.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore deny them.

89.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore deny them.

**C) The Operator of the YTS Website Confirmed that At Least One of Defendants' Subscribers' Accounts was Used to Download Torrent Files for Copying Copyright Protected Works from the YTS Website.**

90.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore deny them.

91.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and therefore deny them.

**D) Defendants' Subscribers Distributed Copies of Plaintiffs' Works.**

92.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and therefore deny them.

93.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and therefore deny them.

94.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and therefore deny them.

95.     The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and therefore deny them.

**E)  Defendants' subscribers knew the Copyright Management Information included in the files they distributed to other peers had been removed or altered without the authority of Plaintiffs.**

96.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and therefore deny them.

97.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and therefore deny them.

98.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore deny them.

99.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and therefore deny them.

100.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore deny them.

101.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and therefore deny them.

102.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and therefore deny them.

103.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and therefore deny them.

104.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 and therefore deny them.

105.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore deny them.

106.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore deny them.

107.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 and therefore deny them.

108.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore deny them.

109.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore deny them.

110.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore deny them.

111.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore deny them.

112.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore deny them.

**F) Defendants had Knowledge that Their Subscribers were Infringing Plaintiffs' Works and Distributing File Copies of the Works with altered CMI But Continued to Provide Service to Their Subscribers.**

113.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore deny them.

114.    The RCN Defendants state that Exhibit D speaks for itself.  The RCN Defendants deny any remaining allegations, implications, and inferences contained in Paragraph 114.

115.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore deny them.

116.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore deny them.

117.    The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore deny them.

118.    The RCN Defendants admit they have registration agreements with ARIN, but deny the remaining allegations, implications, and inferences contained in Paragraph 118.

119.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 119.

120.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 120.

121.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 121.

122.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 122.

123.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 123.

124.    The RCN Defendants admit they have received some notices, but deny the remaining allegations, implications, and inferences contained in Paragraph 124.

125.    The RCN Defendants deny the allegations in Paragraph 125.

126.    The RCN Defendants deny the allegations in Paragraph 126.

127.    The RCN Defendants deny the allegations in Paragraph 127.

128.    The RCN Defendants deny the allegations in Paragraph 128.

129.    The RCN Defendants admit Plaintiffs' counsel sent a letter to Defendant RCN Telecom Services, LLC dated October 19, 2020, but deny the remaining allegations in Paragraph 129.

130.    The RCN Defendants deny the allegations in Paragraph 130.

131.    The RCN Defendants deny the allegations in Paragraph 131.

**G) Defendants Control the Conduct of Their Subscribers.**

132.   The RCN Defendants deny the allegations in Paragraph 132.

133.   The RCN Defendants deny the allegations in Paragraph 133. The terms of the RCN Defendants' policies speak for themselves.

134.   The RCN Defendants deny the allegations in Paragraph 134. The terms of the RCN Defendants' policies speak for themselves.

135.   The RCN Defendants deny the allegations in Paragraph 135. The terms of the RCN Defendants' policies speak for themselves.

136.   The RCN Defendants deny the allegations in Paragraph 136.

137.   The RCN Defendants deny the allegations in Paragraph 137.

**H) Defendants Do Not Have a Safe Harbor From Liability.**

138.   Paragraph 138 asserts a legal conclusion to which no response is required. To the extent a response is required, the RCN Defendants state that 17 U.S.C. §§ 512(a) and 512(i)(1)(A) speak for themselves.

139.   The RCN Defendants deny the allegations in Paragraph 139.

140.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140 and therefore deny them.

141.   The RCN Defendants deny the allegations in Paragraph 141.

142.   The RCN Defendants admit that Paragraph 142 quotes from the cited URL, and further state that the terms of the RCN Defendants' policies speak for themselves.

143.   The RCN Defendants deny the allegations in Paragraph 143.

144.   The RCN Defendants deny the allegations in Paragraph 144.

145.   The RCN Defendants deny the allegations in Paragraph 145.

146.   The RCN Defendants deny the allegations in Paragraph 146.

147.   The RCN Defendants deny the allegations in Paragraph 147.

148.   The RCN Defendants deny the allegations in Paragraph 148.

149.   The RCN Defendants deny the allegations in Paragraph 149.

150.   The RCN Defendants deny the allegations in Paragraph 150.

151.   The RCN Defendants deny the allegations in Paragraph 151.

## H)   The   Copyright   Infringements   Arise   from   Defendants' Advertisements.[2]

152.   The RCN Defendants deny the allegations in Paragraph 152.

153.   The RCN Defendants admit they offer a tiered pricing structure, but deny the remaining allegations, implications, and inferences contained in Paragraph 153.

---

[2] Duplicate H headings in original.

154.   The RCN Defendants admit they, like many other internet service providers, advertise their internet speeds.  The RCN Defendants deny the remaining allegations, implications, and inferences contained in Paragraph 154.

155.   The RCN Defendants admit they, like many other internet service providers, advertise their internet speeds.  The RCN Defendants deny the remaining allegations, implications, and inferences contained in Paragraph 155.

156.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 and therefore deny them.

157.   The RCN Defendants deny the allegations in Paragraph 157.

**First Cause of Action**
**(Contributory Copyright Infringement based upon material contribution)**

158.   In response to the allegations in Paragraph 158, the RCN Defendants restate and incorporate by reference their responses to each of the foregoing paragraphs.

159.   The RCN Defendants deny the allegations in Paragraph 159.

160.   The RCN Defendants deny the allegations in Paragraph 160.

161.   The RCN Defendants deny the allegations in Paragraph 161.

162.   The RCN Defendants deny the allegations in Paragraph 162.

163.   The RCN Defendants deny the allegations in Paragraph 163.

164.   The RCN Defendants deny the allegations in Paragraph 164.

165.   The RCN Defendants deny the allegations in Paragraph 165.

**Second Cause of Action**
**(Vicarious Infringement)**

166.   In response to the allegations in Paragraph 166, the RCN Defendants restate and incorporate by reference their responses to each of the foregoing paragraphs.

167.   The RCN Defendants deny the allegations in Paragraph 167.

168.   The RCN Defendants deny the allegations in Paragraph 168.

169.   The RCN Defendants deny the allegations in Paragraph 169.

170.   The RCN Defendants deny the allegations in Paragraph 170.

171.   The RCN Defendants deny the allegations in Paragraph 171.

**Third Cause of Action**
**(Application for Website-Blocking Injunction)**

172–183. No response is required to Paragraphs 172-183 because this Count III has been dismissed pursuant to the Court's October 11, 2022 Order (Doc. 37). To the extent a response is required, the RCN Defendants deny the allegations in Paragraphs 172–183.

**Fourth Cause of Action**
**(Secondary Liability for Digital Millennium Copyright Act Violations)**

184.   In response to the allegations in Paragraph 184, the RCN Defendants restate and incorporate by reference their responses to each of the foregoing paragraphs.

185.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 and therefore deny them.

186.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186 and therefore deny them.

187.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187 and therefore deny them.

188.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188 and therefore deny them.

189.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189 and therefore deny them.

190.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190 and therefore deny them.

191.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191 and therefore deny them.

192.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192 and therefore deny them.

193.   The RCN Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193 and therefore deny them.

194.   The RCN Defendants deny the allegations in Paragraph 194.

195.   The RCN Defendants deny the allegations in Paragraph 195.

196.   The RCN Defendants deny the allegations in Paragraph 196.

197.   The RCN Defendants deny the allegations in Paragraph 197.

198.   The RCN Defendants deny the allegations in Paragraph 198.

199.   The RCN Defendants deny the allegations in Paragraph 199.

200.   The RCN Defendants deny the allegations in Paragraph 200.

201.   The RCN Defendants deny the allegations in Paragraph 201.

202.   The RCN Defendants deny the allegations in Paragraph 202.

## Plaintiffs' Prayer for Relief

The RCN Defendants deny that Plaintiffs are entitled to any of the requested relief, including the relief requested in Paragraphs (A) through (H) of Plaintiffs' Prayer for Relief.

## RCN DEFENDANTS' ADDITIONAL AND AFFIRMATIVE DEFENSES

The RCN Defendants assert the following additional and affirmative defenses:

1.   The First Amended Complaint and each count thereof fail to state a claim or cause of action upon which relief can be granted.

2.   Plaintiffs' claims are barred to the extent that Plaintiffs or their predecessors did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars Plaintiffs' claims for statutory damages and attorneys' fees.

22

3.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

4.     Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate damages.

5.     Plaintiffs' claims are barred, in whole or in part, by copyright misuse.

6.     The statute of limitations, including the limitations in place under 17 U.S.C. § 507, bars Plaintiffs' claims to the extent Plaintiffs allege liability for instances of alleged copyright infringement that occurred more than three years before Plaintiffs filed their Complaint in this matter.

7.     17 U.S.C. § 512, including but not limited to § 512(a), bars Plaintiffs' claims against the RCN Defendants.  As service providers, the RCN Defendants have adopted and reasonably implemented, and have informed subscribers and account holders of, a policy that provides for the termination of internet service in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers.  The RCN Defendants' policy involves an escalating series of notifications and actions based upon continued receipt of compliant allegations of copyright infringement that appear to implicate a particular subscriber account, which can culminate in termination of the affected subscriber's account.  The RCN Defendants have permanently terminated the accounts of subscribers identified pursuant to this policy.  The RCN Defendants accommodate and do not interfere

23

with standard technical measures used by copyright owners to identify or protect copyrighted works.

8.   The RCN Defendants were not aware, and had no reason to believe, that their acts (alleged or otherwise) constituted an infringement of a copyright, and accordingly any statutory damages should be reduced pursuant to 17 U.S.C. § 504(c)(2).

9.   The RCN Defendants reserve the right to add any additional defenses that discovery may reveal.

## Demand for Jury Trial

RCN requests a trial by jury on all issues so triable.


Dated:  October 25, 2022                    Respectfully submitted,

                                            By: _Edward F. Behm, Jr._
                                            Edward F. Behm, Jr.
                                            ARMSTRONG TEASDALE LLP
                                            Attorney I.D. No. 017972002
                                            2005 Market Street
                                            29th Floor, One Commerce Square
                                            Philadelphia, PA 19103
                                            (267) 780-2000
                                            (215) 405-9070 (fax)
                                            ebehm@atllp.com

                                            Richard L. Brophy*
                                            Zachary C. Howenstine*
                                            Margaret R. Szewczyk*
                                            Angela B. Kennedy*
                                            Sydney K. Johnson*

ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
akennedy@atllp.com
sjohnson@atllp.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants RCN
Telecom Services of Massachusetts,
LLC and RCN Telecom Services, LLC*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October, 2022, I caused a copy of the

foregoing to be served upon all counsel of record via ECF notification.

By:   *Edward F. Behm, Jr.*
       Edward F. Behm, Jr.
