## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFTER II MOVIE, LLC,<br>BODYGUARD PRODUCTIONS, INC.,<br>HITMAN TWO PRODUCTIONS, INC.,<br>KILLING LINK DISTRIBUTION, LLC,<br>LHF PRODUCTIONS, INC.,<br>MILLENNIUM FUNDING, INC.,<br>MILLENNIUM IP, INC.,<br>MILLENNIUM MEDIA, INC.,<br>MON, LLC,<br>NIKOLA PRODUCTIONS, INC.,<br>OUTPOST PRODUCTIONS, INC.,<br>RAMBO V PRODUCTIONS, INC.,<br>SCREEN MEDIA VENTURES LLC,<br>VENICE PI, LLC,<br>VOLTAGE HOLDINGS, LLC, and<br>WONDER ONE, LLC,<br><br>                              *Plaintiffs*,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC; and<br>RCN TELECOM SERVICES OF<br>MASSACHUSETTS, LLC,<br><br>                              *Defendants*. | Case No. 3:21-cv-15310-RK-TJB<br><br>REPLY IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR LEAVE<br>TO FILE THE SECOND AMENDED<br>AND SUPPLEMENTAL COMPLAINT |

Plaintiffs' proposed Second Amended and Supplemental Complaint ("SAC") does not change the legal theory or nucleus of facts of this case an inch. The case has remained essentially the same in the pleadings. Notices were sent to Defendant concerning piracy of Plaintiffs' movies. Defendant ignored the notices and willfully allowed its service to become a hotbed of piracy for its subscribers for its own profit. A month ago, Defendant turned over to Plaintiffs in discovery over 700 notices Irdeto (Irdeto B.V. and Irdeto USA, Inc. collectively referred to here as "Irdeto") sent to Defendant concerning piracy of the Work *Til Death*, the rights of which are owned by

1

proposed additional Plaintiffs Til Productions, Inc.'s and Screen Media Ventures LLC ("SMV") – and various other Works of SMV. *See* RCNAII0000014.  These notices from Irdeto have been in Defendant's possession for years.  Now after delaying sending this information in response to discovery for months, Defendant suddenly cries foul and pretends as if it never knew about Irdeto or these additional movie titles.  Nonsense.

Defendant's argument that Plaintiffs could have peaked into the future and predicted that Defendant would allow its subscribers to also pirate their newer works such as *The Protégé*, *After We Fell, After Ever Happy*, *Last Seen Alive*, *Jolt* and *Til Death* is also nonsense.  Plaintiffs' motion for leave to submit the SAC should be granted.

## I.      Defendant's scheduling order argument is meritless.

There is no scheduling order.  The court declined to enter the scheduling order proposed by the parties.  Opp. at p. 6.  Instead, on Dec. 6, 2022, the Court issued a text entry ordering the parties to exchange settlement positions by Dec. 20, 2022.  Defendant asked for an extension to Jan. 6, 2023 which the Court granted.  Ultimately, Defendant refused to even provide a settlement offer.  Thus, Plaintiffs begin serving document discovery on Defendant on Jan. 9, 2023 pursuant to the Court's order for limited discovery.  Defendant responded on Feb. 8, 2023 with objections to the first request for production of documents.  Defendant did not make any substantive production in response to discovery until May 24, 2023.  Against this background of Defendant's repeated delays, the argument that a proposed scheduling order that was not entered should be held against Plaintiffs is meritless.

## II.     There is no prejudice to Defendant.

There is no prejudice to Defendant.  As stated above, the counts of this case have not changed.  But more importantly, Defendant has not served *any* discovery on Plaintiff.  Instead, it

has taken a unilateral position that only discovery on its DMCA policy is relevant.  Plaintiffs do not agree with this position.  But Defendant cannot argue that its discovery burden will increase or that it needs more time when it has not propounded any discovery on Plaintiffs.  Moreover, Defendant's litigation costs would be just as great – or likely greater – if SMV brought a separate action since the additional claims are not barred by the statute of limitations.

Defendant's argument that SMV is represented by separate counsel Foley & Lardner is irrelevant and wrong.  *See* Opp. at p. 3.  Plaintiffs' counsel Kerry Culpepper also represents SMV. Defendant's counsel *knows this* because SMV is a Plaintiff in the case in WD TX (1:21-cv-709) between Plaintiffs and Defendant's sibling company Grande who is also represented by same Defendant's counsel.

Moreover, SMV is the distributor for proposed Work *Til Death* and the Work *The Outpost* currently in the case.  Proposed Plaintiff Til Death Productions, Inc. and Outpost Productions, Inc. are the producers.  It would make sense to allow the distributor (SMV) to join the producers as Plaintiffs so both could assert *Til Death* and *The Outpost* in this case rather than having SMV assert the same titles in a separate lawsuit.  To this end, judicial efficiency dictates SMV bring all its claims in this case.

### III.   Proposed additional Plaintiffs explained their delay.

Proposed additional Plaintiffs previously explained their delay.  Yet Defendant suddenly threatens to file another motion to dismiss if SMV is joined as a Plaintiff.  However, Defendant turned over the more than 700 Irdeto notices sent to it on behalf of SMV in discovery that show its knowledge.  *See* RCNAII0000014.  Moreover, the rule of the case will apply because the legal theory of the proposed SAC is the same as the FAC.  Defendant's argument that there is a risk that this evidence may be "lost" (opp. at p. 9) is bizarre since Defendant turned over the 700 Irdeto

notices in discovery.  Any such motion to dismiss would multiply these proceedings unreasonably and vexatiously.

Notably, even in Defendant's opposition, it appears to concede that the motion picture copyrights for *The Protégé*, *After Ever Happy*, *Last Seen Alive*, *Jolt* and *Til Death* were obtained after the original complaint or First Amended Complaint.  *See* Opp. at pp. 14-15.  However, Defendant appears to argue that even these late registrations should not be allowed because the scope of the lawsuit may continue to expand.  However, supplemental pleadings are allowed by F.R.C.P. 15(d).  Plaintiffs could not peak in the future and predict that Defendant would continue to allow its subscribers to pirate content unabated despite this and the *UMG v. RCN* lawsuits.

## IV.      The proposed SAC is not futile.

Defendant argues that the SAC is futile because it does not mention Irdeto or explain which data service provider obtained evidence for particular Works. Opp. at p. 12.  Defendant fails to cite any case in support of its misguided proposition that a pleading must describe the data service provider in this specificity.  This is an issue for discovery.  Moreover, the argument that the SAC is futile because Plaintiffs stated the Irdeto notices "upon information and belief" is bizarre because Defendant turned over the more than 700 Irdeto notices a month ago.  *Id.*  Finally, the allegation that arguments pertaining to data from Facterra should be dismissed because Defendant received no notices from Facterra ignores the fact that there are claims based upon vicarious liability which does not require knowledge.   The Court should reject these meritless arguments.

WHEREFORE, Plaintiffs respectfully request that this Court issue an order granting Plaintiffs leave to file the Second Amended and Supplemental Complaint.

Dated this 30th day of June 2023.                    Respectfully submitted,

                                    */s/ Eliezer Lekht*
                                    Eliezer Lekht

**SRIPLAW**
175 Pearl Street - Third Floor
Telephone: 332-600-5599
Facsimile: 561-404-4353
Email: eliezer.lekht@sriplaw.com
Brooklyn, NY 11201
Attorneys for Plaintiff

Kerry S. Culpepper
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: 808-464-4047
Facsimile: 202-204-5181
kculpepper@culpepperip.com
*Pro Hac Vice* Counsel for Plaintiffs

Jonathan E. Moskin
Roma Patel
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: 212-687-2329
jmoskin@foley.com
rlopes@foley.com
Attorneys for Plaintiff Screen Media Ventures
LLC
(*pro hac vice* forthcoming)