James H. Forte (jforte@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
T: (973) 622-3333

Jonathan Moskin (jmoskin@foley.com)
Roma Patel (rlopes@foley.com)
**FOLEY & LARDNER LLP**
90 Park Ave
New York, NY 10016
T: (212) 338-3572
*Attorneys for Plaintiff*
*Screen Media Ventures*

Kerry S. Culpepper (kculpepper@culpepperip.com)
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
T: (808) 464-4047
F: (202) 204-5181
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN TWO PRODUCTIONS, INC., KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., SCREEN MEDIA VENTURES LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, and WONDER ONE, LLC,<br><br>                        Plaintiffs,<br><br>    v. | Case No. 3:21-cv-15310-RK-TJB<br><br>**NOTICE OF PLAINTIFFS' APPEAL FROM AND OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF DECEMBER 6, 2023**<br><br>**Return date: January 16, 2024**<br><br>**Oral Argument Requested**<br><br>*Filed Electronically* |

1

RCN TELECOM SERVICES, LLC; and
RCN TELECOM SERVICES OF
MASSACHUSETTS, LLC,

                      Defendants.

**TO:**       Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Angela B. Kennedy
Kyle G. Gottuso
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
*Attorneys for Defendants*

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 72(a) and Local Civil Rule 72.1(c), on **Tuesday**, **January 16, 2024, at 10 a.m.**, or as soon thereafter as counsel may be heard, Plaintiffs shall appear before the Honorable Robert Kirsch at 402 East State Street, Trenton, NJ 08608 in Courtroom 4E or telephonically to appeal from and object to Order of United States Magistrate Judge Tonianne J. Bongiovanni dated December 6, 2023 (ECF No. 76), attached hereto as Exhibit A, in relevant part, and to seek reversal and vacation of relevant part of said

Order.  The Court's Memorandum Opinion dated December 6, 2023 (ECF No. 75) is attached hereto as Exhibit B.

Specifically, Plaintiffs respectfully object to and appeal from the Magistrate Judge's denial of Plaintiffs' Motion for Leave to File the Second Amended Complaint to add Screen Media Ventures ("SMV") and its copyrighted works alleged therein, as set forth more fully in Plaintiffs' accompanying Memorandum of Law in support of the same, because the Order is clearly erroneous and contrary to law to the extent it finds that the addition of SMV and its works to this proceeding is prejudicial.

**PLEASE TAKE FURTHER NOTICE** that, in support of Plaintiffs' Appeal from and Objections to the Order, Plaintiffs shall rely upon its Brief submitted concurrently herewith.  A proposed form of Order is also submitted for the Court's consideration.

**PLEASE TAKE FURTHER NOTICE** that oral argument is specifically requested.

Dated: December 20, 2023

Respectfully submitted,

s/ *Jakob B. Halpern*
James H. Forte (jforte@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
T: (973) 622-3333

Jonathan Moskin (jmoskin@foley.com)
Roma Patel (rlopes@foley.com)
**FOLEY & LARDNER LLP**
90 Park Ave
New York, NY 10016
T: (212) 338-3572
*Attorneys for Plaintiff*
*Screen Media Ventures*

s/ *Kerry S. Culpepper*_____

Kerry S. Culpepper (kculpepper@culpepperip.com)

**CULPEPPER IP, LLLC**

75-170 Hualalai Road, Suite B204

Kailua-Kona, Hawaii 96740

T:(808) 464-4047

F: (202) 204-5181

*Attorneys for Plaintiffs*

4

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., et al., | Civil Action No. 21-15310 (RK) |
| **Plaintiffs,** | |
| v. | **ORDER** |
| RCN TELECOM SERVICES, LLC, et al., | |
| **Defendants.** | |

This matter having been brought before the Court upon Plaintiffs Bodyguard Productions, Inc., Hitman Two Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., Mon, LLC, Nikola Productions, Inc., Outpost Productions, Inc., Rambo V. Productions, Inc., Venice PI, LLC, Voltage Holdings, LLC, Wonder One, LLC, and, After II Movie, LLC's ("Plaintiffs") motion for leave to file a Second Amended and Supplemental Complaint (Docket Entry No. 55); and Defendants RCN Telecom Services, LLC, and RCN Telecom Services of Massachusetts, LLC (collectively "RCN") having opposed Plaintiffs' motion (Docket Entry No. 58); and the Court having fully reviewed and considered all arguments raised in support of and opposition to Plaintiffs' motion; and the Court having considered Plaintiffs' motion without argument pursuant to L.Civ. R 78.1(b); and for the reasons set forth in the Court's accompanying Memorandum Opinion; and for good cause shown;

IT IS on this 6th day of December, 2023,

ORDERED that Plaintiffs' motion seeking leave to file a Second Amended and Supplemental Complaint is GRANTED in part and DENIED in part; and it is further

ORDERED that Plaintiffs file their Second Amended and Supplemental Complaint in accordance with the Court's Memorandum Opinion no later than **December 22, 2023**; and it is further

ORDERED that the Clerk of the Court terminate Docket Entry No. 55.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BODYGUARD PRODUCTIONS, INC., et al.,** | **Civil Action No. 21-15310 (RK)** |
| **Plaintiffs,** | |
| **v.** | **MEMORANDUM OPINION** |
| **RCN TELECOM SERVICES, LLC, et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

      This matter comes before the Court upon Plaintiffs Bodyguard Productions, Inc., Hitman Two Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., Mon, LLC, Nikola Productions, Inc., Outpost Productions, Inc., Rambo V. Productions, Inc., Venice PI, LLC, Voltage Holdings, LLC, Wonder One, LLC, and, After II Movie, LLC's ("Plaintiffs") motion for leave to file a Second Amended and Supplemental Complaint. (Docket Entry No. 55). Through its motion, Plaintiffs seek to join 14 additional plaintiffs, including Screen Media Ventures, LLC ("Screen Media"), and 343 new works to the instant copyright infringement action. Defendants RCN Telecom Services, LLC, and RCN Telecom Services of Massachusetts, LLC (collectively "RCN"), oppose Plaintiffs' motion for leave to file a Second Amended Complaint. (Docket Entry No. 58). The Court has fully reviewed all arguments raised in support of and opposition to Plaintiffs' motion. The Court considers the aforementioned motion without argument pursuant to L.Civ. R 78.1(b). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion for leave to file a Second Amended and Supplemental Complaint.

I.    **Background and Procedural History**

This is a copyright infringement action filed by 17 Plaintiffs on August 13, 2021 against RCN, an internet service provider, for claims of secondary copyright infringement, regarding 34 copyrighted works. (*See, generally,* Compl.; Docket Entry No. 1). On November 15, 2021, Plaintiffs filed their First Amended Complaint ("FAC"). In same, the following two original Plaintiffs were removed from the matter, SF Films, LLC, and Yar productions, Inc., as were their respective copyrighted works, *SKIN* and *Distorted*. As a result, the FAC was filed by 15 Plaintiffs, regarding 32 copyrighted works. In addition to withdrawing two Plaintiffs and their copyrighted works, the FAC, added a fourth cause of action for Secondary Liability for Digital Millennium Copyright Act ("DMCA") Violations to the original three causes of action for Contributory Copyright Infringement, Vicarious Infringement, and Application for Website-Blocking Injunction.

On November 29, 2021, RCN moved to dismiss the FAC, which Plaintiffs opposed. On October 11, 2022, the District Court entered an Opinion and Order, granting in part and denying in part RCN's motion to dismiss. *See, generally*, Mem. Op. and Order of 10/11/2022; Docket Entry Nos. 36 and 37. Specifically, the District Court denied RCN's request to dismiss Plaintiffs' claims for Contributory Copyright Infringement, Vicarious Infringement, and Secondary Liability for DCMA Violations, but granted RCN's request to dismiss Plaintiffs' claim for an Application for a Website-Blocking Inunction; the latter cause of action was dismissed without prejudice. *See* Order of 10/11/2022 at 2. Further, on October 18, 2022, the District Court entered an Order, approving Plaintiff Killing Link Distribution, LLC's voluntary dismissal of its claims against RCN. *See* Order of 10/18/2022; Docket Entry No. 39. Thus, as of October 18, 2022, this matter involved 14 Plaintiffs and implicated 31 copyrighted works.

On October 25, 2022, shortly after the District Court rendered its decision on RCN's motion to dismiss, RCN filed an Answer in response to the remaining claims in Plaintiffs' FAC. *See* Docket Entry No. 40. The Court then scheduled an Initial Conference, which took place on December 5, 2022. As a result of discussions that took place at the Initial Conference, rather than entering a formal schedule, the Court explored the possibility of settlement with the parties. Though the Court did direct the parties to propound discovery requests as well as substantive objections to same along with position statements regarding possible bifurcation to focus on RCN's safe harbor defense. *See* Text Minute Entry of 12/5/2022.

On January 26, 2023, the Court conducted a telephone conference to discuss the parties' progress with discovery and to further assess the viability of continued settlement discussions. During same, the Court determined that the parties would exchange paper discovery relevant to all claims and defenses and endeavor to resolve any objection without court intervention while the Court continued to consider bifurcation, permitting full discovery and the timing of a settlement conference. *See* Text Minute Entry of 1/26/2023. As the matter progressed, it became apparent that the matter was not ripe for a settlement conference. As a result, the Court continued to monitor the parties' progress with written discovery. *See* Text Order of 4/26/2023, Docket Entry No. 51; Letter Order of 5/18/2023, Docket Entry No. 54.

On June 2, 2023, while the parties continued to engage in written discovery, Plaintiffs filed the instant motion, seeking leave to file a Second Amended Complaint. (Docket Entry No. 55). Through their motion, Plaintiffs seek to join 14 additional Plaintiffs, add 343 new copyrighted works; add new allegations concerning two new third-party detection systems, clarify other factual allegations, and delete certain Plaintiffs and works that are no longer part of the case. (*See*, *generally*, Pl. Br.; Docket Entry No. 55). RCN opposes Plaintiffs' motion.

Plaintiffs argue that their motion to amend should be granted under the liberal amendment standards set forth in FED.R.CIV.P. ("Rule") 15(a)(2). Further they note that Rule 15(d) allows the Court to permit a party to serve a supplemental pleading that sets out transactions or occurrences that take place after the date of the original pleading as is the case regarding certain of their proposed amendments.

With respect to their proposed amendments, Plaintiffs claim that they should be permitted to make same because the changes, including adding the proposed new plaintiffs and associated copyrighted works, would not cause any significant delay in these proceedings but, in fact, would enhance efficiency, considering the early stage of the proceedings and the fact that all proposed claims "arise from the same nucleus of operative facts." (Pl. Brief at 8). Indeed, Plaintiffs contend that, far from being prejudicial, the proposed amendments would be advantageous for all parties "because the same legal claims for the same or substantially similar actions remain at issue." (*Id.* at 9). Further, Plaintiffs contend that Screen Media's alleged representation by different counsel is irrelevant to the pending motion, but also incorrect because, like the other Plaintiffs, Screen Media is represented by Kerry S. Culpepper, Esq. (Pl. Reply at 3; Docket Entry No. 61).

Moreover, Plaintiffs argue that their proposed amendments are not futile because Plaintiffs' claims already survived a motion to dismiss and "Screen Media seeks only to add itself as a party and its own copyrighted works to the same claims as asserted in the original Complaint[.]" (Pl. Br. at 11). Further, they note that their amendments "relate back to the date of the filing of the original complaint" or pertain to "activity after the original filing date." (*Id.* at 5).

In contrast, RCN argues that Plaintiffs' motion to amend should be denied. With respect to the amendments related to Plaintiffs' proposed addition of Screen Media and Screen Media's works, RCN opposes Plaintiffs' motion on the following three grounds: (1) Screen Media has no

4

explanation for its undue delay, (2) Screen Media's proposed amendments are unfairly prejudicial to RCN, and (3) Screen Media's proposed amendments are futile. (*See* Opp. Brief at 2-3). RCN contends that Plaintiffs' motion for leave to add Screen Media and its works is an attempt by Screen Media "to graft an entirely new and different lawsuit onto the existing case" in that Screen Media "is responsible for the lion's share of the proposed amendments." (*Id.* at 3-4). RCN notes that more than 320 of the 343 proposed additional works pertain to Screen Media. RCN further notes that the two new third-party detection systems ("Irdeto" and "Facterra") identified in the proposed Second Amended Complaint relate only to Screen Media's proposed copyrighted works and claims, rather than that of the detection system that is presently at issue, MaverickEye ("MEU"). (*Id.*).

Regarding Screen Media's delay, RCN claims that Plaintiffs and Screen Media have failed to sufficiently explain same. Instead, RCN notes that they simply proffer that:

> Plaintiff Screen Media recently completed its due diligence in gathering the registration details for its hundreds of copyrighted titles, reviewing extensive data regarding the conduct of Defendants' subscribers (which include thousands of individual piracy events), and working with counsel for current Plaintiffs to properly frame its claims.

(*Id.* at 4-5 (quoting Pl. Br. at 7-8 (quotation marks omitted))). RCN argues that this statement fails to explain the delay, as all of that could have been accomplished prior to Plaintiffs filing their original Complaint in August 2021 or before they amended as of right in November 2021. In addition, RCN states that if the amendments pertaining to Screen Media are allowed, it will file a motion to dismiss on grounds not previously raised, which will place an unwarranted burden on the Court, as the Court could have considered all Rule 12(b)(6) issues at once had Screen Media timely joined this matter. Further, RCN notes that Plaintiffs' proposed amendments are untimely

under the case schedule Plaintiffs' proposed, making their failure to provide an explanation for the delay unjustifiable.

Moreover, RCN argues that the addition of Screen Media and its 320+ works would be prejudicial. RCN contends that there is no question that said amendments would "greatly increase RCN's litigation costs and burdens[.]" (*Id*. at 8). In addition to the numerous extra copyrighted works that would be implicated if Screen Media became a plaintiff, Screen Media's addition would result in the addition of allegations concerning two more software systems for detecting online file sharing: Factterra and Irdeto. RCN notes that defending against just one system is "a complicated and costly undertaking." (*Id*.) RCN claims it would be prejudicial to require them to defend against the three in this litigation given the additional burden and expense associated with taking discovery and serving expert reports regarding the three separate and distinct software systems. In addition, RCN suggests that the additional burden on the Court is also unwarranted, as Screen Media's joinder would, "[a]t a minimum, . . . spawn extensive *Daubert* motion practice and generate numerous complicated legal and evidentiary issues to be raised on summary judgment and/or at trial." (*Id*. at 8-9). Further, RCN claims that Screen Media's addition would be prejudicial because "[h]aving three detection systems in suit will also present overlapping factual issues that will pose a great risk of confusing the jury." (*Id*. at 9). RCN also raises concerns about being prejudiced by the loss of evidence given that "it is impossible to discern from Plaintiffs' proposed amendments when the 'new' alleged infringements occurred." (*Id*.).

Additionally, RCN claims that Plaintiffs' proposed amendments regarding Screen Media are futile. RCN notes that the District Court has already determined that Plaintiffs' claims for contributory and vicarious copyright infringement require that RCN have "knowledge of the underlying direct copyright infringement[,]" and the same applies to Plaintiffs' claims for

secondary violations of the DMCA. (*Id.* at 11 (citing Op. of 10/11/2022 at 13 18, 24-26)). RCN argues that with respect to alleged infringement detected by Facterra, the proposed Second Amended Complaint contains no allegations that "Facterra (or anyone else) sent copyright notices to RCN about those infringements." Further, RCN claims that Plaintiffs' allegations involving infringement detected by Irdeto are equally futile because the proposed Second Amended Complaint does "not allege any facts regarding Irdeto's detection of infringement by users of RCN's network" and "Plaintiffs' allegations regarding notices sent to RCN by Irdeto are made 'upon information and belief.'" (*Id.* at 12). Further, RCN claims that the additional claims concerning Screen Media are futile because it is impossible for RCN to determine whether the secondary copyright infringement claim for a given work or the secondary violations of the DMCA with respect to that work are based on evidence from Facterra, Irdeto, or a combination of the two.

With respect to Plaintiffs other proposed amendments, *i.e.*, the addition of 13 new plaintiffs and approximately 20 new works, RCN argues that said amendments should also be denied. First, RCN contends that the issue of Plaintiffs' unexplained delay also applies to these proposed amendments. RCN notes that the only justification proffered by Plaintiffs for their delay is that the copyright registration for some of the titles it seeks to add were obtained after this matter was originally filed. (*See id.* at 14). RCN further notes that this, however, only appears to be the case for three of the proposed new works, while the copyright registrations for the other proposed non-Screen Media additions all appear to have been obtained before Plaintiffs filed their First Amended Complaint, or, in two cases, before Plaintiffs filed their original Complaint. (*See id.*) RCN argues that Plaintiffs provide no explanation for their delay in seeking to add these works, and, consequently, their motion should be denied.

Second, with respect to the three titles for which copyright registrations were obtained after the First Amended Complaint was filed, RCN contends that the Court should likewise deny their proposed addition to this case because it would be unfair for "the scope of this lawsuit [to] continue to expand as Plaintiffs and their affiliates obtain more copyright registrations." (*Id*. at 15). Again, RCN notes that the schedule originally proposed by the parties required motions to amend to be made in February 2023, much earlier than Plaintiffs sought to amend. Further, RCN contends that all the non-Screen Media works could have been added by Plaintiffs' proposed February 2023 deadline.

## II.    Analysis

### A.  Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant

additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged

9

facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

In addition, where a proposed amendment seeks to add a party, Rule 21 is implicated. *Bullock v. Ancora Psychiatric Hospital*, Civ. No. 10-1412 (RBK/AMD), 2012 WL 12897881, at 4 (D.N.J. Dec. 20, 2012); *see generally*, Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party"). In determining whether joinder of additional parties is permissible, courts adhere to the "same standard of liberality afforded to motions to amend under Rule 15." *Id.*; *see Sutton v. New Century Financial Servs.*, Civ. No. 05-3125 (DRD), 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006) ("[a]lthough Plaintiff seeks to drop one party and add another pursuant to Rule 21, the same standards apply under Rule 15(a) and 21."))

### B. Discussion

The Court begins by evaluating Plaintiffs' alleged delay in seeking to bring the amendments raised in its motion. While the Court appreciates that Plaintiffs proposed a case schedule that would have required all motions to amend the pleadings to have been made in early February 2023, the Court notes that a schedule was never entered. Instead, after the Initial Conference, the Court determined that the best approach was to focus on settlement and It specifically delayed the entry of a case schedule. *See* Text Minute Entry of 12/5/2022. Because Plaintiffs' proposed schedule was not entered, and no deadline was or has been set for filing motions to amend the pleadings / join parties, the Court does not fault Plaintiffs for "failing" to

comply with same, nor will the Court apply a more heightened standard to Plaintiffs' request to amend now.

As noted above, delay alone does not justify denying a motion to amend.  *See Cureton*, 252 F.3d at 273.  Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Given the obvious association between delay and prejudice, rather than focusing solely on whether Plaintiffs' delay has been sufficiently explained, the Court examines whether Plaintiffs' proposed amendments would result in undue prejudice.

While Plaintiffs argue otherwise, the Court finds that permitting Plaintiffs to join Screen Media as a plaintiff, along with its associated 320+ registered copyrighted works, would be unduly prejudicial. Plaintiffs attempt to tout the efficiency of joining the new plaintiffs, including Screen Media, and associated copyrighted works because all the proposed claims "arise from the same nucleus of operative facts." (Pl. Br. at 8). Indeed, they argue that permitting the proposed amendments would be advantageous for all parties "because the same legal claims for the same or substantially similar actions remain at issue." (*Id.* at 9). Plaintiffs' argument is unconvincing. First, the connection Plaintiffs rely on would generically apply to any entity seeking to bring similar contributory copyright infringement claims, vicarious infringement claims and claims for secondary liability for DCMA Violations against RCN. That similarity, however, is not sufficient to warrant the vast expansion of this case as proposed by Plaintiffs through the joinder of Screen Media and the addition of its 320+ new copyrighted works.

While discovery may still be in its infancy, the relatively early stage of these proceedings does not mitigate the substantial increase in resources that RCN would have to expend to defend

11

this matter should Screen Media be permitted to join. This is not simply a matter of RCN being inconvenienced by a few additional interrogatories or document demands. If Screen Media is added to this case, RCN would have to conduct discovery on over 320 new copyrighted works, involving two additional detection systems. Plaintiffs' proposed addition of Screen Media and its 320+ copyrighted works is an extensive broadening of the case RCN now faces, and the burden of engaging in the likely discovery, motion practice and trial associated with same would be unfairly prejudicial to RCN. As a result, Plaintiffs request to join Screen Media and its 320+ copyrighted works to this litigation is denied.[1]

With respect to Plaintiffs' other proposed amendments, the Court notes that RCN's objection focused exclusively on Plaintiffs' failure to explain its delay in arguing against their inclusion. RCN raised no substantive arguments of prejudice or futility regarding the addition of the 13 non-Screen Media plaintiffs or the addition of their approximately 20 other new works. While Plaintiffs have not provided any genuine material explanation for failing to seek the addition of these proposed plaintiffs and their new works – particularly those copyrighted prior to the First Amended Complaint being filed – sooner, given the liberal amendment standard set forth in Rule 15 coupled with the circumstances of this case, the Court shall permit their addition. The Court finds that Plaintiffs' delay is just that, delay, and nothing more, and, as already noted multiple times herein, delay alone does not justify denying a motion to amend. *See Cureton*, 252 F.3d at 273. As a result, Plaintiffs shall be permitted to join the 13 non-Screen Media plaintiffs and add their approximately 20 new works to this matter.

---

[1] Given the Court's determination that the addition of Screen Media would be unduly prejudicial to RCN, the Court does not reach whether said amendment is futile.

Plaintiffs are also permitted to clarify other factual allegations, and delete certain Plaintiffs and works that are no longer part of the case.

**III.      Conclusion**

For the reasons stated above, Plaintiffs' motion for leave to file a Second Amended and Supplemental Complaint is GRANTED in part and DENIED in part. An appropriate Order follows.

Dated:  December 6, 2023

                        s/  Tonianne J. Bongiovanni
                **HONORABLE TONIANNE J. BONGIOVANNI**
                **UNITED STATES MAGISTRATE JUDGE**