**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN TWO PRODUCTIONS, INC., KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., SCREEN MEDIA VENTURES LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, and WONDER ONE, LLC, | Case No. 3:21-cv-15310-RK-TJB |
| Plaintiffs, | **Return date: January 16, 2024** |
| v. | **Oral Argument Requested** |
| RCN TELECOM SERVICES, LLC; and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC, | *Filed Electronically* |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' APPEAL FROM AND OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF DECEMBER 6, 2023**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  PRELIMINARY STATEMENT ...................................................................... 1

II.  THE ORDER .................................................................................................. 4

III.  ARGUMENT ................................................................................................... 7

    a.  The Order's finding as to prejudice should be reviewed *de novo* because the motion to amend in this instance is dispositive or/and because legal conclusions are reviewed *de novo* ........................................................................ 7

    b.  SMV did not unduly delay, nor does it have a bad faith motive. ........................ 10

    c.  There is no prejudice to Defendants, whereas severance would increase burdens on the parties and the Court.................................................................. 11

CONCLUSION........................................................................................................ 17

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Adams v. Gould Inc.*,
739 F.2d 858 (3d Cir. 1984).................................................................5

*Arthur v. Maersk, Inc.*,
434 F.3d 196 (3d Cir. 2006)...............................................................10

*Atain Specialty Ins. Co. v. Ne. Mountain Guiding LLC*,
No. 316CV05129BRMLHG, 2021 WL 2660302 (D.N.J. June 29, 2021) ...............................8

*Bechtel v. Robinson*,
886 F.2d. 644 (3d Cir. 1989)...............................................................11

*Bobian v. CSA Czech Airlines*,
222 F. Supp. 2d 598 (D.N.J. 2002) .......................................................9

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
252 F.3d 267 (3d Cir. 2001)...............................................................5

*Defalco v. Rutgers Univ. Police Dep't*,
No. CV156607MASLHG, 2019 WL 2591031 (D.N.J. June 25, 2019).......................7

*Dole v. Acro Chem Co.*,
921 F.2d 484 (3d Cir. 1990)...............................................................4

*Equal Emp. Opportunity Comm'n v. City of Long Branch*,
866 F.3d 93 (3d Cir. 2017).................................................................8

*Kenny v. United States*,
489 F. App'x 628 (3d Cir. 2012) .........................................................8

*Le v. City of Wilmington*,
2010 WL 2754253 (D. Del. July 12, 2010) ...........................................10

*Marte v. Ltd. Brands*,
2014 WL 1092503 (D.N.J Mar. 18, 2014).............................................10

*Spencer v. Cannon Equip. Co.*,
No. CIV. 07-2437 (JBS), 2009 WL 1883929 (D.N.J. June 29, 2009)...............7, 8

*Thomas v. Ford Motor Co.*,
137 F. Supp. 2d 575 (D.N.J. 2001) ...................................................7, 8

*Trueposition v. Allen Telecom, Inc.,*
    2002 WL 1558531 (D. Del. July 16, 2002) ..........................................................................16

*Voilas v. Gen. Motors Corp.,*
    173 F.R.D. 389 (D.N.J 1997) ..........................................................................................10

**Other Authorities**

Fed. R. Civ. P. 1 ..........................................................................................................13

Fed. R. Civ. P. 15 ...............................................................................................4, 5, 9, 10

Fed. R. Civ. P. 21 ..........................................................................................................5

Fed. R. Civ. P. 72 ...................................................................................................1, 7, 8

N.J. Ct. R. 72.1(c)(1)(A) ..............................................................................................1

Under Fed. R. Civ. P. 72, Plaintiffs submit the following brief in support of their appeal from and objections to the non-dispositive December 6, 2023 Opinion and Order of Magistrate Judge Bongiovanni (the "Order") in connection with Plaintiffs' motion for leave to file the Second Amended Complaint on June 2, 2023.  Specifically, pursuant to Fed. R. Civ. P. 72(a) and N.J. Ct. R. 72.1(c)(1)(A), Plaintiffs appeal with respect to the Order's finding that SMV and its works should not be permitted to join this action.[1]

## I.  PRELIMINARY STATEMENT

The findings of the Order confirm that there was no undue delay, futility, or prejudice to amending the pleading to add to the First Amended Complaint the Plaintiffs other than Screen Media Ventures LLC ("SMV") and their approximately 20 additional works.  (Order at 12.) Indeed, these new allegations and parties are all directly related to the existing allegations and parties, and joinder thus serves judicial economy without prejudice to either Plaintiffs or Defendants.

Plaintiffs respectfully submit that the same rationale also applies to SMV and its works. That is, the addition of SMV and its works cannot be considered unduly delayed, futile, or prejudicial where the addition of similarly situated parties and their works is not.  Indeed, because

---

[1] Plaintiffs object to the following findings:

"[T]he Court finds that permitting Plaintiffs to join Screen Media as a plaintiff, along with its associated 320+ registered copyrighted works, would be unduly prejudicial. … Plaintiffs' proposed addition of Screen Media and its 320+ copyrighted works is an extensive broadening of the case RCN now faces, and the burden of engaging in the likely discovery, motion practice and trial associated with same would be unfairly prejudicial to RCN. As a result, Plaintiffs request to join Screen Media and its 320+ copyrighted works to this litigation is denied." (Order at 11-12).

there is no case management schedule in place in this action, and certainly no trial schedule, it is difficult to know against what standard possible delay might be measured.

The Order instead seems to indicate the only difference between SMV and the non-SMV Plaintiffs who are now joined in the action is that SMV seeks to plead approximately 320 works whereas the non-SMV Plaintiffs assert a smaller number.  However, the reality is that the mere number of works has little, if any, actual effect on the burdens imposed and certainly does not add any significant burdens to Defendants.  Plaintiffs respectfully submit that the Order incorrectly assumes without analysis, and contrary to the facts, that the burdens are purely additive, whereas in fact litigating all of the issues together (*as the parties have already actually been doing since the motion to amend was filed in June*) is vastly simpler than the alternative of having SMV file a separate complaint concerning the 320+ works.

Indeed, severing the Plaintiffs' claims in this manner not only adds to the burdens on this Court and the parties of maintaining two parallel actions[2], but will substantially prejudice all of the Plaintiffs who contend such a severance unfairly masks the common feature of the entire common claim, which is that RCN has consistently disregarded its obligations to copyright owners in failing to put in place or implement a DMCA take-down procedure. This consistent failure (already confirmed in discovery taken to date on *all of the claims in issue, including SMV's*) demonstrates why RCN should ultimately be deemed a willful infringer and why the Plaintiffs' claims and their works should not be severed.

---

[2] Indeed, in the days following the Order, counsels' previously scheduled meet and confer on Plaintiffs' discovery responses on December 19, 2023, which was to have included SMV and a discussion of its discovery responses, was derailed by a lengthy discussion of the role of SMV in the present action and its relationship with the non-SMV Plaintiffs.

2

Unless reversed, the Order thus undermines a key aspect of Plaintiffs' overall claim that RCN has contributed to the mass infringement of Plaintiffs' works.  Although the Order principally focuses on the number of works cited by SMV, the Order does not consider the prejudice to SMV of having to file a separate claim (which it is preparing to do this week).  The Order likewise does not consider the added burdens on the Defendants (and the Court itself) of having to respond to a separate claim concerning all of the same issues.[3]  Further, the Order does not consider that in the months following the filing of the motion to amend in June, discovery has been proceeding apace on the consolidated claims (without any actual meaningful additional burden to Defendants), as Plaintiffs, including SMV, have been jointly participating in discovery.

Although the Order concludes that adding 320+ works will place on RCN the "burden of engaging in the likely discovery, motion practice and trial associated with the same," the reality is that each work will almost certainly involve the same questions of fact and law, such that the mere number of total works does not translate into additional prejudice.  Instead, RCN will have to face those same burdens, if not more, should SMV be forced to proceed with a separate litigation.

Further, because SMV and RCN have in fact been engaging in discovery since the filing of the motion to amend, documents already produced by RCN indicate that certain works were materially more popular than others as targets of piracy, thus indicating a smaller subset than 320+ works will be the focus of discovery, possible motion practice and trial.  This confirms why adding

---

[3] For example, Defendants' have sought discovery from Plaintiffs, including SMV, concerning their communications with third parties such as other ISPs. Whether or not Defendants claims are supportable given that Plaintiffs have no statutorily required duties of enforcement whereas ISPs such as Defendants do have statutory duties to all copyright owners, Defendants' interest in such third-party discovery underscores the unfairness of severing SMV at this stage and requiring it to seek from Defendants by subpoena the sort of information the parties have already begun sharing in this case.

320+ works does not implicate additive burdens on RCN.  Indeed, given the substantially differing rates of infringement of differing works, an incorrect assumption of the Order is that Plaintiffs would seek lengthy discovery on each individual work.

The Order also does not consider that several works at issue are jointly owned by SMV and the non-SMV Plaintiffs.  Hence, the Order does not give appropriate consideration to the burden to the parties of severing these directly related claims.

Because of the prejudice to SMV of having to litigate separately these interrelated and overlapping claims, SMV has already prepared a separate complaint to file this week, which it will then seek to be consolidated with the present action.[4]  Certainly, Plaintiffs respectfully submit that there is no reason the cases could not ultimately be tried together, given that there is no current case management order in place in this action, much less any trial schedule, and no trial can reasonably be expected in the next two years.  In the meantime, discovery in a separate action would needlessly be delayed at the start, and SMV will need to obtain by subpoena all of the same information it has already begun receiving directly as a party in this action.

Plaintiffs thus object to and appeal the Order to the extent that it denied the motion to amend to add SMV and its copyrighted works in issue.

## II.   THE ORDER

The Order correctly acknowledges the standard for amending pleadings, which requires the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(d). (Order at 8.) The Third Circuit has a "liberal policy favoring the amendment of pleadings." *Dole v. Acro Chem Co.*,

---

[4] Of course, were the Court to reject the finding of the Order with respect to SMV, SMV would withdraw its separate complaint.

921 F.2d 484, 487 (3d Cir. 1990).   The Order also acknowledges that "where a proposed amendment seeks to add a party, Rule 21 is implicated. … In determining whether joinder of additional parties is permissible, courts adhere to the same standard of liberality afforded to motions to amend under Rule 15."  (Order at 10.) Thus, where there is no undue delay, bad faith or dilatory motive, prejudice to defendants, and futility of amendment, leave to amend and to add a party should be freely granted. *Id*.

The Order makes no finding that SMV unduly delayed, nor that it is guilty of any bad faith motive.   Instead, the Order states: "Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  The Order further acknowledges that it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)." (Order at 9.)

The Order likewise makes no finding that the amendment would be futile: "Given the Court's determination that the addition of Screen Media would be unduly prejudicial to RCN, the Court does not reach whether said amendment is futile."  (Order at 12.)  At the same time, the Order finds that the claims of the non-SMV Plaintiffs is not futile and identifies no basis for distinction.

Thus, in denying the motion to amend with respect to SMV and its works, the Order appears to turn solely on possible prejudice to Defendants, stating: "As noted above, delay alone does not justify denying a motion to amend. … Given the obvious association between delay and prejudice, rather than focusing solely on whether Plaintiffs' delay has been sufficiently explained, the Court examines whether Plaintiffs' proposed amendments would result in undue prejudice.   While

Plaintiffs argue otherwise, the Court finds that permitting Plaintiffs to join Screen Media as a plaintiff, along with its associated 320+ registered copyrighted works, would be unduly prejudicial." (Order at 11.)

The Order sets forth at most two reasons for the finding of prejudice: "first, the connection Plaintiffs rely on [that their claims arise from the same nucleus of operative facts at issue in this case] would generically apply to any entity seeking to bring similar contributory copyright infringement claims, vicarious infringement claims and claims for secondary liability for DCMA Violations against RCN", and second, "[i]f Screen Media is added to this case, RCN would have to conduct discovery on over 320 new copyrighted works, involving two additional detection systems. Plaintiffs' proposed addition of Screen Media and its 320+ copyrighted works is an extensive broadening of the case RCN now faces, and the burden of engaging in the likely discovery, motion practice and trial associated with same would be unfairly prejudicial to RCN." (Order at 10-11.)

The Order does not explain why the mere possibility that other parties might also claim infringement based on the same nucleus of operative facts is a reason to deny *these* Plaintiffs the ability to pursue their undisputedly related claims together. Indeed, precisely because the claims are all so closely related, it is scarcely possible to imagine how trying them separately would be more efficient.

Moreover, the Order does not address the fact that the alternative to amendment – that is, a separate claim by SMV against RCN for the same conduct that is at issue here based on the same nucleus of operative facts and in some cases, for the very same works – is hardly less prejudicial to the parties or less burdensome to the Court. To the contrary, a separate additional litigation will invariably add to the burdens on all parties and on the Court. Similarly, the Order does not explain

why SMV is not subject to the same rationale as the other Plaintiffs with respect to whom the motion to amend was granted – indeed, the addition of non-SMV Plaintiffs suggests the Court recognizes the benefits in efficiency of trying all related claims together. The Order does not purport to question that the claims of all Plaintiffs would apply equally to RCN's contributory copyright infringement, vicarious infringement and claims for secondary liability for DCMA violations.

Plaintiffs respond more fully with respect to both points below.

## III.   ARGUMENT

### a.   The Order's finding as to prejudice should be reviewed *de novo* because the motion to amend in this instance is dispositive or/and because legal conclusions are reviewed *de novo*.

In assessing objections under Rule 72 to motions to amend, courts have noted that "'Motions to amend are usually considered non-dispositive motions.' *Thomas v. Ford Motor Co*., 137 F. Supp. 2d 575, 579 (D.N.J. 2001). As a general matter, the Federal Magistrates Act of 1968 ("FMA") provides that a District Court reviewing a Magistrate Judge's decision on a non-dispositive motion may reverse a Magistrate Judge's determination only if it is 'clearly erroneous or contrary to law.' *Id*. (citing 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1)). However, when a Magistrate Judge's decision on a non-dispositive motion reaches legal conclusions, those legal conclusions are subject to a *de novo* review. *Id*." *Defalco v. Rutgers Univ. Police Dep't*, No. CV156607MASLHG, 2019 WL 2591031, at *3 (D.N.J. June 25, 2019).

"In considering an appeal of a nondispositive order by a Magistrate Judge, the Court must modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Spencer v. Cannon Equip. Co*., No. CIV. 07-2437 (JBS), 2009 WL 1883929, at *2 (D.N.J. June 29, 2009)

(citing Fed.R.Civ.P. 72(a); L. Civ. R. 72.1(c)).  "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal citations omitted).

Thus, although motions to amend are typically non-dispositive, when the magistrate's ruling effectively removes a claim or defense, a *de novo* standard should apply, particularly to legal conclusions.  *See Thomas,* 137 F. Supp. 2d at 579 (noting motions to amend are usually considered non-dispositive, but reviewing *de novo* a magistrate's decision on a motion to amend that contained "dispositive elements" and applying the *de novo* standard to legal conclusions); *see also Kenny v. United States*, 489 F. App'x 628, 630 n.2 (3d Cir. 2012) (noting that the Third Circuit has not determined whether a motion to amend that in practice results in dismissal is a dispositive motion).

Here, Plaintiffs believe the Order should be reviewed *de novo* because it disposes of all of SMV's claims and is therefore dispositive (in addition the fact that it undermines a key aspect of Plaintiffs' overall claim that RCN has contributed to the mass infringement of Plaintiffs' works), even if the ruling is without prejudice to SMV's right to commence a new action on the same claims.  Even if the motion to amend is not deemed dispositive in this instance, "[Fed. R. Civ. P. 72] requires the District Court to review findings of fact for clear error and to review matters of law *de novo*."  *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Atain Specialty Ins. Co. v. Ne. Mountain Guiding LLC*, No. 316CV05129BRMLHG, 2021 WL 2660302, at *2 (D.N.J. June 29, 2021) ("A district court, however, will review a magistrate judge's legal conclusions *de novo*.").

Here, the parties do not dispute the facts, but rather, disagree whether the amendment would be prejudicial to Defendants.  The report's finding with respect to prejudice should thus be reviewed *de novo*. "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines,* 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing *Gunter v. Ridgewood Energy Corp.,* 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). Because the Order seems to place a higher burden on Plaintiffs than is appropriate under the liberal standard to amend – as detailed further herein – it's finding of prejudice to Defendants and failure to consider prejudice to all Plaintiffs in denying SMV's motion to amend on that basis is contrary to the law.

Nonetheless, even under a narrower standard of review, it is clearly erroneous to hold, contrary to the actual circumstances here, that the addition of SMV and its works is prejudicial premised solely on the number of such works (as detailed below), particularly in light of the liberal standard articulated in Fed. R. Civ. P. 15 and as-applied in the early stage of the proceeding here. It was also erroneous to fail to consider the prejudice to *all Plaintiffs* of severing SMV's related claims and thus threatening the Plaintiffs' ability to try to prove at trial the full pattern of indifference and encouragement to infringement caused by Defendants failure to comply with their obligations under the DMCA.

Therefore, the Court should grant the motion to amend with respect to SMV and its infringed works on the grounds that there is no undue delay, SMV has no bad faith motive, there is no prejudice to Defendants, and the amendment would not be futile.[5]  Indeed, requiring a

_____

[5] Because the Order does not state that the amendment would be futile, Plaintiffs have no objection thereto.  Nonetheless, Plaintiffs reiterate that the amendment would not be futile because it would survive a motion to dismiss.  Indeed, SMV seeks only to add itself as a party and its own copyrighted works to the same claims as asserted in the original Complaint (which has already

separate trial and separate discovery will only add to the burdens on this Court and Defendants, and is unfairly prejudicial to Plaintiffs.

      **b.    SMV did not unduly delay, nor does it have a bad faith motive.**

Although the Order does not state that SMV unduly delayed, Plaintiffs reiterate that they have articulated a reason for not sooner joining their claims with the previously filed claims. Indeed, as the Order acknowledges the volume of SMV's works required SMV to complete its due diligence as to the specific copyrighted titles in issue and thousands of individual piracy events. *See Le v. City of Wilmington*, 2010 WL 2754253, at *3 (D. Del. July 12, 2010) (finding no undue delay where the moving party moved to amend "promptly after [it] discovered the information supporting the proposed amendment" - even though the deadline to amend per the scheduling order in that case had already passed, whereas there is not yet even a deadline to amend in this action). Indeed, such due diligence served to limit any possible prejudice to Defendants, even if it were true that burdens could be calculated in a purely additive fashion.

Courts in this Circuit do not penalize a moving party for not moving to amend earlier if it can articulate a "colorable excuse." *See Arthur v. Maersk, Inc*., 434 F.3d 196 (3d Cir. 2006) (citing favorably *Tefft v. Seward*, 689 F.2d 637, 639–40 (6th Cir. 1982) (delay of four years not undue and allowing amendment) and *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 644 F.2d 690, 694 (8th Cir. 1981) (delay of two and a half years not undue and allowing amendment)).

Moreover, delay must be assessed relative to the actual events in the litigation.  Because

---

survived a motion to dismiss). *See Marte v. Ltd. Brands*, 2014 WL 1092503 (D.N.J Mar. 18, 2014) (granting motion to amend to add new plaintiff where the underlying claim remained the same); *see generally Voilas v. Gen. Motors Corp*., 173 F.R.D. 389 (D.N.J 1997) ("a motion to amend to add plaintiffs is not precluded by Federal Rule 15(a).").

the case was effectively in its infancy at the time of the motion to amend, with discovery barely underway,[6] because no scheduling order was in place at the time of the motion and indeed no scheduling order is in place even now; and because no trial is likely within the foreseeable future, to speak of delay in the abstract ignores the practical reality that joining these claims together is vastly more efficient than conducting discovery and pretrial preparations in separate proceedings.

Thus, any delay is not unreasonable, and the Order does not address what would be an apparent inconsistency in finding undue delay by SMV but not by the similarly situated Plaintiffs who have been allowed to join the case.  Certainly, neither the Order nor Defendants suggest SMV had any bad faith motive in not moving to amend sooner.

### c.    There is no prejudice to Defendants, whereas severance would increase burdens on the parties and the Court.

To claim undue prejudice, Defendants must show that they were "unfairly disadvantaged or deprived of an opportunity to present facts or evidence which [they] would have offered." *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989).  Here, where discovery had hardly commenced at the time Plaintiffs field their motion to amend, there is no prejudice to Defendants, who have not been disadvantaged or deprived of an opportunity to obtain discovery or present any facts or evidence.  Indeed, in the months following the motion to amend, Defendants have already been participating in substantial discovery concerning SMV's claims (both serving and receiving discovery) and requiring them to do so now in a separate proceeding would merely add to their burdens and the burdens on the Court.

---

[6]    Defendants served their first sets of requests for production of documents and interrogatories on November 10, 2023.  Plaintiffs (including SMV and the other proposed additional Plaintiffs) responded on December 11, 2023.

As noted above, the Order turns on possible prejudice to Defendants hypothesized based solely on the number of works cited and opines that Defendants will be prejudiced for two reasons: first, the Order notes that the fact that SMV's claims arise from the same facts and conduct as alleged in the Complaint (which appears to be a counter-intuitive reason not to allow amendment), and second, that if SMV were added, its 320+ works would place on Defendants a hypothetical burden of engaging in additional discovery and motion practice.

On the first point, in this case especially (where Plaintiffs allegations include the mass piracy Defendants allowed their subscribers to commit, thus undermining any possible contention Defendants might claim a safe harbor defense under the DMCA) the very fact that Defendants ignored piracy of multiple parties' works is directly relevant to *all* of the Plaintiffs' claims and to Defendants' defenses, regardless of whether SMV's case is severed or not.  The same discovery concerning such rampant piracy would be equally implicated in a separate action by SMV, including all of the information disclosed in discovery in this action (which SMV would have to obtain by subpoena if it were severed, just as the other Plaintiffs would have to obtain evidence by the same cumbersome third-party discovery procedures in a separate case by SMV).  Evidence that RCN allowed piracy of yet other non-parties could equally be relevant to the claims and defenses in this action.

As such, it hardly follows that Defendants would be prejudiced by the joinder of these parties and claims.  Indeed, the hypothetical possibility that "any entity seeking to bring similar contributory copyright infringement claims, vicarious infringement claims and claims for secondary liability for DCMA Violations against RCN" could theoretically ask to join the case is simply that: a hypothetical possibility.  It is not a basis to find the Plaintiffs' motion to amend was prejudicial to Defendants in this instance nor do the federal rules or authority from this Circuit

suggest that such a possibility is a reason to deny a motion to amend. Should such an event arise in the future, there will be time enough to address it then.  Such an unquantifiable hypothetical is not a proper basis to raise the bar under the settled liberal standard on a motion to amend.

In sum, such a hypothetical does not constitute actual prejudice, nor does it address why the addition of SMV and its works constitutes prejudice but the addition of the other Plaintiffs does not.  (That of course raises the second issue of numerosity addressed below.)

Indeed, it is the purpose of such rules, including Fed. R. Civ. P. 1, to allow for efficient resolution where the claims or parties can be joined in one proceeding. An opposite interpretation would lead to parallel and duplicative proceedings (with duplicative discovery and potentially duplicative trials) on the same core issues.

One specific example that the Order does not consider is that two of the titles at issue in this case – namely, *Till Death* and *The Outpost* – are jointly owned and/or distributed by SMV and one of the other Plaintiffs (Til Productions, Inc., and Outpost Productions, Inc). *See* ECF No. 55-2 at Exhibit A.  Without analysis, the Order does not explain in which action those titles should be litigated.  Moreover, since these two were tracked by both notice providers, RCN will have to contest two data providers in a separate case even if SMV is not permitted to join this action.

On the second and broader point, the Order does not address why mere number of titles is dispositive of prejudice and thus overlooks several facts confirming it is not.  First, allowing the parties and the works to be added actually *reduces* the burden on Defendants of having to sift through data and parcel it in arbitrary packages for separate actions. For example, Defendants have already produced documents showing records of receiving notices of piracy of SMV's works

(among the other Plaintiffs' works).  *See* RCNAII0000014.[7]  If the cases were separated, Defendants again would have to produce these records repackaged and re-parceled in different ways.

Second, the Order overlooks the fact that the parties have already been conducting substantial discovery as if SMV were fully a party.  For example, the undersigned counsel for SMV has met and conferred with counsel for Defendants, has drafted discovery responses, and Defendants themselves have produced documents related to SMV and its works already – all without any perceptible additional burden to Defendants.

As a further example, on September 6, 2023, the undersigned counsel for SMV attended the hearing before the Court regarding discovery disputes between the parties, as articulated by the Plaintiffs – including SMV – in the status Order filed on July 28, 2023.  *See* ECF Nos. 62 and 63. In fact, counsel for SMV substantially drafted the discovery responses to Defendants' First and Second Set of Interrogatories and Requests for Production.  Thus, the Order does not seem to give deference to the way this case is already (and naturally) proceeding given the inherently related nature of the claims and defenses at issue.

Third, each work simply does not pose an additive burden.  To the contrary, even if rates of infringement for each work were the same (which they are not) each work will involve many of the same questions of fact and law, such that the mere total number of works does not add

---

[7] To be sure, RCNAII0000014 was produced before Plaintiffs filed their motion for leave to amend on June 2, 2023, however, the few days between this production and the filing of the motion to amend was not enough time for Plaintiffs to sort through thousands of text files to refine or narrow the amount of works at issue, nor was it Plaintiffs burden to, at the pleading stage, assert fewer than all of the tiles which were infringed, notwithstanding the fact that discovery may have narrowed the focus.

incremental burdens, and there is vastly greater efficiency in resolving all of these common questions together.  Moreover, discovery conducted since the motion to amend has confirmed that most of the infringing conduct at issue appears to focus on a small subset of the 320+ works.  In other words, while each of the works was infringed at least once, documents produced by Defendants, *see* RCNAII0000014, show that some SMV works were more frequently pirated by Defendants' subscribers and will likely be the focus of SMV's claims and discovery (particularly because, as explained above, Plaintiffs' core allegations concern mass piracy events and Defendants' inaction with respect to the same).  Thus, a fundamental misconception of the Order is that the mere number of total works does not translate into additional prejudice.

Lastly, denying the motion to add SMV and its works here does not preclude RCN having to address SMV claims in a separate action.  That is, the addition of the works here as opposed to in a separate action, cannot be the basis of prejudice where RCN would have to nonetheless engage in the same discovery, motion practice, and trial, in a separate action.  To the contrary, duplicative discovery, motion practice and trial in a separate action is inefficient and wasteful.

In sum, without taking a final position at this early stage, where discovery is in its infancy, SMV believes that while 320+ of its works were the subject of piracy by RCN's subscribers, some smaller subset is likely to be the focus of its claims because not all 320+ were subject to mass piracy events.  Thus, the mere fact that 320+ works were pled is not enough to support a finding of prejudice – particularly, where the alternative is arguably more burdensome and prejudicial.

In denying the motion to amend to add SMV and its works, the Order also overlooks the fact that dividing the related claims into two cases, rather than allowing them to be litigated together, actually *adds* delay and burden to all parties.  For example, it would require parallel and duplicative discovery requests (and, sadly but predictably, discovery disputes); it would require

Plaintiffs in this action and SMV to engage in third-party discovery from one another to obtain access to the very same common nucleus of facts bearing on RCN's knowledge of and willful disregard of infringement (and perhaps discovery disputes regarding such requests); duplicative pretrial motions; duplicative depositions, duplicative expert reports and duplicative trial preparations (such as Daubert motions, motions in limine and jury instructions), and then two juries to hear essentially the same claims regarding the same transactions.

To minimize potential disputes concerning parallel proceedings and parallel discovery, substantial coordination between the two cases will be required given SMV's underlying contention that Defendants ignored or encouraged mass copyright infringement despite the receipt of thousands of notices from Plaintiffs and their agents.  Dividing such conduct into arbitrary bundles that nonetheless requires coordination between two cases also unfairly favors Defendants, devaluing Plaintiffs' claims. Indeed, the alternative to allowing the amendment is for SMV to separately seek relief for the same actions of Defendants giving rise to the allegations currently at issue, which of course would be a less efficient way to the same end. Thus, the matter is likely to be resolved more expeditiously if amendment is allowed. *See Trueposition v. Allen Telecom, Inc.*, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) ("since [the amended claims] are substantially similar to the [claims] contained in the original complaint, it would be economically beneficial to the parties to resolve all the issues in a single proceeding").

Because trial is not likely for two years or more, the fact is the two cases could just as easily (indeed vastly more easily) be tried together.  Alternately, if grounds existed for Defendants to move for separate trials at the close of discovery, nothing now prohibits such a procedure.

16

## CONCLUSION

For the above reasons, Plaintiffs object to and appeal the findings of the Order with respect to SMV and its works and respectfully request that this Court grant Plaintiffs leave to file an amended pleading adding Screen Media Ventures LLC as a Plaintiff and allegations of infringement of SMV's copyright protected works.

Dated: December 20, 2023

Respectfully submitted,

s/ *Jakob B. Halpern*
James H. Forte (jforte@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
T: (973) 622-3333

Jonathan Moskin (jmoskin@foley.com)
Roma Patel (rlopes@foley.com)
**FOLEY & LARDNER LLP**
90 Park Ave
New York, NY 10016
T: (212) 338-3572
*Attorneys for Plaintiff*
*Screen Media Ventures*

s/ *Kerry S. Culpepper*
Kerry S. Culpepper
(kculpepper@culpepperip.com)
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
T:(808) 464-4047
F: (202) 204-5181
*Attorneys for Plaintiffs*

17