| | |
|---|---|
| Edward F. Behm, Jr. | Richard L. Brophy (*pro hac vice*) |
| ARMSTRONG TEASDALE LLP | Zachary C. Howenstine (*pro hac vice*) |
| Attorney I.D. No. 017972002 | Margaret R. Szewczyk (*pro hac vice*) |
| 2005 Market Street | Angela B. Kennedy (*pro hac vice*) |
| 29th Floor, One Commerce Square | Kyle G. Gottuso (*pro hac vice*) |
| Philadelphia, PA 19103 | Sydney K. Johnson (*pro hac vice*) |
| Telephone: 267.780.2000 | ARMSTRONG TEASDALE LLP |
| Fax: 215.405.9070 | 7700 Forsyth Blvd., Suite 1800 |
| | St. Louis, Missouri 63105 |
| | Telephone: 314.621.5070 |
| *Attorneys for Defendants* | Fax: 314.621.5065 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., ET AL., | |
| Plaintiffs, | |
| vs. | Civil Action No. 3:21-cv-15310-RK-TJB |
| RCN TELECOM SERVICES OF MASSACHUSETTS, LLC and RCN TELECOM SERVICES, LLC, | **Return Date: February 20, 2024** |
| | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' SECOND AMENDED
<u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)</u>**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................1

II.  PROCEDURAL BACKGROUND ...............................................................2

III. LEGAL STANDARDS .................................................................................5

IV. ARGUMENT..................................................................................................6

   A. Plaintiffs' Allegations regarding *Till Death*, Irdeto, and Facterra
      Exceed the Scope of the Permitted Amendments .............................6

   B. The Court Did Not Authorize Plaintiffs to Add Factual Allegations
      Not Present in the Proposed SAC..................................................8

   C. If This Motion Is Granted Only in Part, the Court Should Clarify
      RCN's Deadline to Respond to Second Amended Complaint.........9

V.  CONCLUSION.............................................................................................10

i

# **TABLE OF AUTHORITIES**

**Cases**

*Bristol-Myers Squibb Co. v. IVAX Corp.*,
77 F. Supp. 2d 606 (D.N.J. 2000) ........................................................................................5

*Giles v. Phelan, Hallinan & Schmieg, L.L.P.*,
901 F. Supp. 2d 509 (D.N.J. 2012) ......................................................................................5

*Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al.*,
Case No. 3:23-cv-23356 (D.N.J.) .......................................................................................7

*T.J. McDermott Transp. Co. v. Cummins, Inc.*,
No. 2:14-cv-04209-WHW-CLW, 2017 WL 11476192 (D.N.J. Jan. 17, 2017) .......5

*Tenny J. Commc'ns, Inc. v. Verizon N.J., Inc.*,
2:19-cv-19183-JXN-AME, 2022 WL 1912390 (D.N.J. June 2, 2022) .....................5

*UFCW Local 56 Health & Welfare Fund v. J.D.'s Mkt.*,
240 F.R.D. 149 (D.N.J. 2007)..........................................................................................5, 6

*Wiseberg v. Toyota Motor Corp.*,
No. 2:11-cv-03776-JLL, 2012 WL 1108542 (D.N.J. March 30, 2012) ...................5

**Rules**

Fed. R. Civ. P. 12(a)(4)(A) ................................................................................................9
Fed. R. Civ. P. 12(f) ............................................................................................. 1, 5, 6, 10
Fed. R. Civ. P. 15(a)(2).......................................................................................................5

I.    **INTRODUCTION**

Defendants RCN Telecom Services of Massachusetts, LLC and RCN Telecom Services, LLC (collectively, "RCN") respectfully move the Court to strike Plaintiffs' Second Amended Complaint (Dkt. 78, the "Filed SAC") pursuant to Fed. R. Civ. P. 12(f) and order Plaintiffs to refile their Second Amended Complaint consistent with the Court's December 6, 2023 Memorandum Opinion and Order permitting limited amendments.

The Court should strike the Filed SAC because it includes amendments not permitted by the Court. First, the Filed SAC improperly includes copyright infringement claims regarding a work owned by non-party Screen Media Ventures, LLC ("SMV"), even though the Court expressly *denied* Plaintiffs leave to join SMV as a plaintiff, and *denied* Plaintiffs leave to assert any works owned by SMV in this lawsuit. Dkt. 75 at 12. Second, the Filed SAC improperly includes new allegations regarding copyright infringement allegedly detected by non-parties Irdeto and Facterra, which the Court likewise refused to permit. *Id.* Third, Plaintiffs improperly included various other new factual allegations not presented to the Court in their Proposed Second Amended Complaint (the "Proposed SAC"). *See, e.g.*, Ex.

1

1[1] at ¶¶ 99-100, 109, 115-119, 135, 153, 156-158, 165-172, 174, 176-178, and 191-197.

Because the amendments made in Plaintiffs' Filed SAC exceed the scope of amendments permitted by the Court, the Court should strike the Filed SAC and order Plaintiffs to file a Second Amended Complaint that complies with the Court's December 6, 2023 Memorandum Opinion and Order.[2]

## II.  PROCEDURAL BACKGROUND

On August 13, 2021, Plaintiffs filed their original Complaint alleging infringement of 34 copyrighted works, owned by 17 Plaintiffs.  Dkt. 1.  On November 15, 2021, Plaintiffs filed their First Amended Complaint.  Dkt. 22.  In the Complaint and First Amended Complaint, Plaintiffs' copyright infringement allegations were based entirely on evidence of purported copyright infringements—specifically, the downloading and uploading of copyrighted films using peer-to-peer file sharing software—collected and provided by third-party monitoring company

---

[1] For the Court's convenience, Exhibit 1 is a redline side-by-side comparison of Plaintiffs' Filed SAC against the Proposed SAC, with the redlines showing the changes made in the Filed SAC.

[2] On January 8, 2024, Counsel for the parties met and conferred regarding the relief requested in this Motion.  RCN proposed that Plaintiffs withdraw their filed SAC and refile the SAC consistent with the Court's Order.  Ultimately, the parties were unable to reach an agreement, necessitating this Motion.

MaverickEye UG ("MEU"). Dkt. 22 at ¶ 83. There was no reference to any other third-party monitoring systems.

A year and a half later, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. Dkt. 55. With their Motion, Plaintiffs submitted a Proposed SAC (Dkt. Nos. 55-1 (clean) and 55-2 (redline)), identifying the proposed amendments. Specifically, Plaintiffs requested leave to add 14 new Plaintiffs, including SMV, and 343 new works-in-suit (including over 320 works owned by SMV), and new allegations relating to two new third-party detection systems called Irdeto and Facterra. Dkt. 58 at 1. One of the works at issue was *Till Death*, which Plaintiffs asserted was, at least partially, owned by SMV. Dkt. 55-2 at Pgs. 45-46, 50 (listing *Till Death* (Certificate Number PA0002351661) as owned by "Til Productions, Inc./Screen Media Ventures, LLC."). According to Plaintiffs' Proposed SAC, Irdeto had previously detected infringement of *Till Death* on behalf of SMV. *Id.* at ¶ 152.

On December 6, 2023, the Court entered an Order denying in part and granting in part Plaintiffs' Motion for Leave. Dkt. 75 at 12.[3] In its Order, the Court found that Plaintiffs could add non-SMV Plaintiffs to the case, but that SMV and any works

---

[3] SMV has appealed this Order to the District Judge. Dkt. 77. The District Judge's ruling could impact this Motion to Strike. For this reason, RCN proposed to Plaintiffs that RCN's deadline to respond to the Filed SAC be stayed until the appeal is resolved, but Plaintiffs rejected RCN's proposal.

owned by SMV could not be added to the case. *Id.* The Court's reasoning was that SMV unduly delayed in bringing the SAC and that the addition of SMV and its works would be unfairly prejudicial to RCN, in part because the addition of two more third-party monitoring companies (*i.e.*, Irdeto and Facterra) would unduly complicate discovery. *Id.* at 12 ("If Screen Media is added to this case, RCN would have to conduct discovery on over 320 new copyrighted works, involving two additional detection systems."). The Court directed Plaintiffs to file their Second Amended Complaint "in accordance with the Court's Memorandum Opinion" by December 22, 2023. Dkt. 76 at 2.

On December 21, 2023, Plaintiffs submitted the Filed SAC. Dkt. 78. In the Filed SAC, Plaintiffs now assert that *Till Death* is *solely* owned by Plaintiff Til Productions, Inc. Dkt. 78-1 at 3. Plaintiffs also continue to assert factual allegations regarding Irdeto and Facterra, indicating that Plaintiffs believe these monitoring companies are still at issue in this case despite the fact that they were engaged by SMV to monitor SMV works. Dkt. 78 at ¶ 100.[4] Lastly, Plaintiffs' Filed SAC includes numerous new factual allegations that were not present in the Proposed SAC. Ex. 1 at ¶¶ 99-100, 109, 115-119, 135, 153, 156-158, 165-172, 174, 176-178, and 191-197.

---

[4] SMV is also improperly referenced in the first paragraph of the Filed SAC.

### III. LEGAL STANDARDS

Rule 12(f) authorizes courts to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "generally useful to eliminate the redundant, impertinent, or immaterial matter therein." *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530 (D.N.J. 2012). Courts possess "considerable discretion in disposing of a motion to strike under Rule 12(f)." *Wiseberg v. Toyota Motor Corp.*, No. 2:11-cv-03776-JLL, 2012 WL 1108542, at *13 (D.N.J. March 30, 2012). "The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case." *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A limited grant of leave to amend does not entitle [a plaintiff] to amend the complaint outside the scope of that leave." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 2:14-cv-04209-WHW-CLW, 2017 WL 11476192, at *2 (D.N.J. Jan. 17, 2017). A motion to strike is particularly useful when an amended complaint "exceeds the scope of an allowed amendment." *Tenny J. Commc'ns, Inc. v. Verizon N.J., Inc.*, 2:19-cv-19183-JXN-AME, 2022 WL 1912390, at *2 (D.N.J. June 2, 2022) (citing *UFCW Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007)). "If the amended

5

complaint 'exceeds the scope of an allowed amendment,' the appropriate remedy is to strike the unauthorized amendments under Federal Rule of Civil Procedure 12(f)." *Id.* (internal citations omitted). "Use of Rule 12(f) is appropriate . . . because to hold otherwise would circumvent 'the requirement that a plaintiff seek leave before amending its complaint.'" *Id.* (quoting *UFCW*, 240 F.R.D. at 154 (considering a party's motion to dismiss a Rule 12(f) motion to strike)).

IV. **ARGUMENT**

   A. **Plaintiffs' Allegations regarding *Till Death*, Irdeto, and Facterra Exceed the Scope of the Permitted Amendments**

The Court should strike the Filed SAC because Plaintiffs' allegations regarding *Till Death* (an SMV work), Irdeto, and Facterra are not permitted by the Court's December 6, 2023 Memorandum Opinion. *See, e.g.*, *T.J. McDermott Transp. Co.*, 2017 WL, at *2 (granting motion to strike where plaintiffs "exceeded the scope of [the] Court's . . . [order] grant[ing] . . . leave to amend"); *see also UFCW*, 240 F.R.D. at 155 (striking portions of SAC under Rule 12(f)).

The Court held that **SMV and the works owned by SMV** are not permitted to be added to this case. Dkt. 75 at 11-12. The Court made it clear that its reasoning was based on the prejudice of adding these works and opening the door to fact discovery relating to two new monitoring companies—Irdeto and Facterra—who were only engaged by SMV. *See id.* Plaintiffs' Filed SAC violates this clear ruling

6

because it asserts infringement of at least one work owned by SMV—*Till Death*—and includes allegations about Irdeto and Facterra.

In their Proposed SAC, Plaintiffs asserted that *Till Death* was partially owned by SMV. Dkt. 55-1 at pg. 44. Notably, on December 27, 2023, SMV filed a new lawsuit against RCN in which SMV asserts that it—and not Til Productions—solely owns *Till Death*:

| Works owned and/or distributed by Screen Media Ventures LLC | | |
|---|---|---|
| | Title | Registration |
| 1. | *Till Death* | PA0002351661 |

Ex. 2[5] at Exhibit A, pg. 1[6], *see also id.* at ¶ 35 ("Plaintiff has an ownership interest in the copyrights in the Works as shown in Exhibit 'A' either through work for hire agreement, assignments and/or mergers."). Importantly, Plaintiffs and SMV have consistently alleged that monitoring for infringement of *Till Death* was done on behalf of SMV through its engagement of Facterra and Irdeto. Ex. 2 at ¶ 68 ("Plaintiff [*i.e.*, SMV] engaged Facterra LLC ('Facterra') and/or Irdeto to monitor the Internet for instances of piracy of **its Works**.") (emphasis added to "its Works" which is defined to include *Till Death*, *id.* at ¶ 6 and Ex. A); *see also* Dkt. 78 (Filed

---

[5] The new case filed by SMV is *Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al.*, Case No. 3:23-cv-23356 (D.N.J.)
[6] This citation is found on Page 34 of the PDF of Exhibit 2.

7

SAC) at ¶ 100 ("A non-party engaged Irdeto to monitor the Internet for instances of piracy of *Till Death* and *The Outpost* among other works."). The only substantive allegations in the Filed SAC relating to Irdeto are in the context of SMV hiring Irdeto to monitor for infringement of *Till Death.* Dkt. 78 at ¶¶ 100, 137 (discussing notices for *Till Death*), and 149. There are no substantive allegations relating to Facterra in the Filed SAC. *Id.* at ¶ 98 (the only generic reference to Facterra).

In any event, the Court has clearly ruled that Plaintiffs are not permitted to add new claims or allegations regarding SMV works, Irdeto, or Facterra. Dkt. 75 at 11-12. The Court did not permit Plaintiffs to present new factual allegations in the Filed SAC—i.e., that Til Productions owns *Till Death*—that were not in the Proposed SAC and are, in fact, inconsistent with the Proposed SAC and SMV's new complaint against RCN. *Id.* at 12-13. The Court should therefore strike the Filed SAC and order Plaintiffs to refile their Second Amended Complaint without any reference to SMV, Irdeto, Facterra, or *Till Death* (according to the Proposed SAC, an SMV work).

### B. The Court Did Not Authorize Plaintiffs to Add Factual Allegations Not Present in the Proposed SAC

Plaintiffs' Filed SAC adds numerous new factual allegations that go beyond the leave given by the Court to amend the Complaint. By way of example, new factual allegations appear in the following paragraphs of the Filed SAC: ¶¶ 99-100,

8

109, 115-119, 135, 153, 156-158, 165-172, 174, 176-178, and 191-197; *see* Exhibit 1 for redline comparison. In its Memorandum Opinion and Order, the Court indicated that Plaintiffs were permitted to "clarify other factual allegations, and delete certain Plaintiffs and works that are no longer part of the case." Dkt. 75 at 13. The clarification permitted by the Court does not give Plaintiffs free rein to add dozens of new factual allegations to the SAC—allegations that RCN had no opportunity to address when opposing Plaintiffs' motion for leave to amend. *T.J. McDermott Transp. Co*, 2017 WL 11476192, at *2. The Court should therefore order Plaintiffs to refile their Second Amended Complaint without these new allegations.

### C. If This Motion Is Granted Only in Part, the Court Should Clarify RCN's Deadline to Respond to Second Amended Complaint

The filing of this Motion to Strike alters the period to respond to the Second Amended Complaint as follows: "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). If the Court grants RCN's Motion, the Filed SAC will be stricken and refiled. However, in the event that the Court grants in part and denies in part the relief requested in this Motion by striking certain paragraphs without requiring Plaintiffs to refile the Complaint, RCN respectfully requests a 14-day extension of time from the date of the Court's Order to respond to the Second Amended Complaint.

9

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' Filed SAC pursuant to Fed. R. Civ. P. 12(f) and order Plaintiffs to refile their Second Amended Complaint consistent with the Court's December 6, 2023 Memorandum Opinion and Order.

Dated:  January 18, 2024 

Respectfully submitted,

By: *Edward F. Behm, Jr.*
Edward F. Behm, Jr.
ARMSTRONG TEASDALE LLP
Attorney I.D. No. 017972002
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
(267) 780-2000
(215) 405-9070 (fax)
ebehm@atllp.com

Richard L. Brophy*
Zachary C. Howenstine*
Kyle G. Gottuso*
Angela B. Kennedy*
Margaret R. Szewczyk*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com
kgottuso@atllp.com
akennedy@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com
*Admitted Pro Hac Vice*

***Attorneys for Defendants RCN Telecom Services of Massachusetts, LLC and RCN Telecom Services, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2024, I caused a copy of the foregoing to be served upon all counsel of record via ECF notification.

By: */s/ Edward F. Behm, Jr.*
     Edward F. Behm, Jr.