**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFTER II MOVIE, LLC, AFTER PRODUCTIONS, LLC, AFTER WE FELL PRODUCTIONS, LTD, AFTER EVER HAPPY PRODUCTIONS, LTD, BADHOUSE STUDIOS, LLC, BODYGUARD PRODUCTIONS, INC., CHASE FILM NEVADA, LLC, CINELOU FILMS, LLC, DALLAS BUYERS CLUB, LLC, HANNIBAL MEDIA, INC., HITMAN TWO PRODUCTIONS, INC., JOLT PRODUCTIONS, INC., LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., PARADOX STUDIOS, LLC, RAMBO V PRODUCTIONS, INC., THE GUARD PRODUCTIONS, LTD, TIL PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, and WONDER ONE, LLC,<br><br>            Plaintiffs,<br><br>      v.<br><br>RCN TELECOM SERVICES, LLC; and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC,<br><br>            Defendants. | Civil Action No. 3:21-15310-RK-TJB |
| SCREEN MEDIA VENTURES LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>RCN TELECOM SERVICES, LLC; and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC,<br><br>            Defendants. | Civil Action No. 3:23-23356-MAS-TJB<br><br>**DOCUMENT FILED ELECTRONICALLY** |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|------|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 3 |
| III. | ARGUMENT | | 4 |
| | A. | The Cases Involve Common Questions of Law and Fact | 5 |
| | B. | Consolidation Will Conserve the Court's and the Parties' Resources | 8 |
| | C. | Consolidation Will Not Cause Disruption, Delay, or Prejudice | 8 |
| IV. | CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
 149 F. Supp. 3d 634 (E.D. Va. 2015) ...................................................................................7

*Bodyguard Productions Inc., et al. v. RCN Telecom Services, LLC, et al.*,
 3:21-cv-15310-RK-TJB (D.N.J.) ......................................................................................1, 3

*Cima Labs, Inc. v. Actavis Group HP*,
 No. 07-893, 2007 U.S. Dist. LEXIS 41516 (D.N.J. June 7, 2007).......................................4, 5

*Salem Steel NA v. Shanghai Shangshang S.S. Pipe Co.*,
 No. 08-4824, 2009 U.S. Dist. LEXIS 62348 (D.N.J. July 21, 2009)................................4, 5, 7

*Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al.*,
 3:23-cv-23356-MAS-TJB (D.N J.) ....................................................................................1, 4

*In re TMI Litig.*,
 193 F.3d 613 (3d Cir. 1999)...................................................................................................4

**Statutes**

17 U.S.C. § 1202...........................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 42 .........................................................................................................................1

Fed. R. Civ. P. 42(c) ....................................................................................................................4

L.Civ.R. 40.1(d)............................................................................................................................1

L.Civ.R. 42.1.................................................................................................................................4

Under Fed. R. Civ. P. 42, Plaintiffs in the above actions submit this brief in support of their motion to consolidate the following cases: *Bodyguard Productions Inc., et al. v. RCN Telecom Services, LLC, et al.*, 3:21-cv-15310-RK-TJB (D.N.J.) (the "Earlier Action") and *Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al.*, 3:23-cv-23356-MAS-TJB (D.N J.)[1] (the "Later Action").

## I.     INTRODUCTION

There are at least four fundamental reasons why these two closely related cases should be consolidated, or alternatively at least assigned to the same judge.  First, Plaintiffs' detailed allegations in the Complaints themselves in each case are largely identical because the claims in suit are based on identical legal theories and same alleged conduct.  In each case, Plaintiffs assert claims for contributory and vicarious liability for copyright infringement and secondary liability for violations of the integrity of copyright management information in the works ("DMCA violations") per 17 U.S.C. § 1202, based on overlapping and identical factual allegations.  Indeed, while both Complaints admittedly are long (171 paragraphs in the Later Action and 231 paragraphs in the Earlier Action), as shown below, they are overwhelmingly the same, and the few substantive differences do not warrant severing the claims.

Thus, most of the documents and other evidence in both cases will be the same; the witnesses -- both factual and expert -- will be identical; as a result, depositions and other discovery will be overlapping or identical; the very same legal issues will be raised and decided in both cases and the jury or juries will be tasked with resolving the same issues.

---

[1] Plaintiffs are simultaneously filing a letter application addressed to Chief Judge Renée M. Bumb, U.S.D.J., pursuant to L.Civ.R. 40.1(d), which contains a request to consolidate or reassign the new matter.  Though Plaintiffs believe this can be resolved through their letter request, they are filing the present motion to consolidate in preserve their rights in that regard.

1

Second, consolidation will neither delay nor disrupt either case nor will any party be prejudiced. Given that there is no current case management order in place in the Earlier Action, much less any trial schedule, and no trial can reasonably be expected in the next two years, there simply is no schedule to be delayed, and the very concept seems somewhat misplaced if not entirely inapposite. Further, the parties and their counsel have already been communicating and conducting discovery on the overlapping issues, as if the cases were one.

Third, although the Later Action involves naming an additional party – namely, Screen Media Ventures LLC ("SMV") – and additional works – namely, SMV's copyrighted works, the underlying claims and defenses are largely identical. Indeed, two of the works (*Till Death* and *The Outpost*) are involved in both actions because of shared ownership. Thus, even if the addition of SMV and its works presents some additional legal and factual issues to the Earlier Action, the net result of dividing the two necessarily entails needless duplication of the same discovery, motion practice, trial preparation and trial. Given that the overwhelming majority of the factual, legal, and practical issues will be identical in both cases, the cost in needless duplication is not justified by any offsetting benefit of keeping the cases separate. Indeed, if the cases were not consolidated, the same issues would be tried on different tracks, potentially with different judges or juries, resulting in burdens on both the parties and the Court, as well as potentially inconsistent outcomes within the District of New Jersey – an event that potentially presages otherwise avoidable appeals.

Finally, as a practical matter, Plaintiffs have filed an appeal of the decision of Magistrate Judge Bongiovanni in the Earlier Action to deny SMV's motion to amend the pleading, which is the reason the Later Action was filed. Without presupposing how that appeal might be resolved, if it is granted, then any delay in one or both of the cases due to these separate tracks would be unnecessary and dilatory. Moreover, because SMV has appealed Magistrate Judge Bongiovanni's

order, that order remains (at least for now) non-final, and the two cases therefore (at least for now) do remain connected while the motion to amend has been pending. Keeping the cases together at least minimizes the risks of delay and duplication.

## II. BACKGROUND

On August 13, 2021, the first action was filed, *see Bodyguard Productions Inc., et al. v. RCN Telecom Services, LLC, et al.*, 3:21-cv-15310-RK-TJB (D.N.J.) at Doc. #1, and on November 15, 2021, Plaintiffs filed their First Amended Complaint. *See* Doc. #22. On November 29, 2021, Defendants filed a Motion to Dismiss that pleading. *See* Doc. #28. On October 11, 2022, the Motion to Dismiss was denied-in-part and granted-in-part by the Court. *See* Docs. #36-37. Pertinently, Judge Castner denied Defendants' Motion to Dismiss with respect to Plaintiffs' claims for contributory and vicarious copyright infringement liability and secondary liability under for DMCA violations. As a result of Judge Castner's decision, Plaintiffs continue to assert, in each case, almost identical claims for contributory and vicarious copyright infringement liability and secondary liability under the Digital Millennium Copyright Act. Discovery soon commenced, and Plaintiffs served Defendants with discovery requests beginning on January 9, 2023.

After SMV completed its factual investigation into the thousands of piracy events that occurred on RCN's platform, on June 2, 2023, Plaintiffs moved for leave to file the Second Amended Complaint to add certain additional plaintiffs, including SMV, and their copyrighted works to the action. *See* Doc. #55. At the time Plaintiffs moved to amend, just as is true now, there was no case management plan entered in the case. Discovery had just barely begun, and indeed, Defendants did not serve their first discovery requests until November 2023, months ***after*** Plaintiffs moved to amend.

3

On December 6, 2023, Magistrate Judge Bongiovanni denied Plaintiffs' motion for leave to file the Second Amended Complaint with respect to SMV and its works but granted the same with respect to the other non-SMV Plaintiffs and their works. *See* Doc. # 76. Thus, despite denying the motion to amend with respect to SMV, Magistrate Judge Bongiovanni specifically found that other similarly situated non-SMV plaintiffs could be joined and excluded SMV solely on the basis of the number of works SMV sought to add. *See id*. There was no finding in the Magistrate Judge's Order that the claims arose from different sets of operative facts or legal issues.

On December 20, 2023, Plaintiffs filed an appeal from the Magistrate Judge's Order. *See* Doc. #77. Defendant's response was filed on January 16, 2024. *See* Doc. #84.

On December 27, 2023, Plaintiffs filed the Later Action. *See Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al*., 3:23-cv-23356-MAS-TJB (D.N.J.) at Doc. #1.

### III. ARGUMENT

Pursuant to L.Civ.R. 42.1 and Fed. R. Civ. P. 42(c), the Court may consolidate matters that involve a common question of law or fact. *See In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). The Court has broad discretion to consolidate cases to facilitate the administration of justice. *Salem Steel NA v. Shanghai Shangshang S.S. Pipe Co*., No. 08-4824, 2009 U.S. Dist. LEXIS 62348, at *4 (D.N.J. July 21, 2009) (citing *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp*., 149 F.R.D. 65, 80 (D.N.J. 1993)).

The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues. *Cima Labs, Inc. v. Actavis Group HP*, No. 07-893, 2007 U.S. Dist. LEXIS 41516, at *16 (D.N.J. June 7, 2007) (quoting *In re TMI Litig.*, 193 F.3d. at 724 (internal citation omitted)). When exercising discretion in determining consolidation, courts "should weigh the

4

interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id* at *16 (internal citations and quotations omitted). The burden of proof on consolidation lies with the moving party, but absent confusion or prejudice, consolidation is generally appropriate. *Salem Steel*, 2009 U.S. Dist. LEXIS 62348, at *4.

Applying this standard to the present situation, consolidation is appropriate, as detailed below.

A.    **The Cases Involve Common Questions of Law and Fact**

In each case, Plaintiffs assert claims for contributory and vicarious liability for copyright infringement, based on RCN's subscribers' use of RCN's services to illegally download and distribute Plaintiffs' motion pictures and RCN's failure to have in place or enforce necessary safeguards against such copying, as well as secondary liability for violations of the integrity of copyright management information in the Plaintiffs' copyrighted works (because the downloading entailed alterations to identifying information embedded in the works).

First, common questions of fact support consolidation, *Salem Steel*, 2009 U.S. Dist. LEXIS 62348, at *1. For example, the factual background paragraphs in both Complaints are nearly identical. *See e.g.*, Complaint at ¶¶ 64-198, Doc. #55 in Earlier Action; Complaint at ¶¶ 34-138, Doc. #1 in Later Action).

That is, both cases involve the same issues of whether the Defendants failed to sustain their legal obligations in responding to notices sent by or on behalf of Plaintiffs of copyright infringement by their subscribers and violations of the Digital Millennium Copyright Act, and whether Defendants were aware of and profited from mass infringement events committed by users of their services. *See e.g.*, Complaint at ¶¶ 135-59, Doc. #55 in Earlier Action; Complaint at ¶¶ 92-110, Doc. #1 in Later Action).

Further, the pattern of disregard of the thousands of notices sent is itself compelling evidence, such that Plaintiffs in each action will seek to obtain and introduce evidence from the other parties even if the cases are nominally kept apart. While the non-SMV Plaintiffs (*i.e.*, all of the Plaintiffs in the Earlier Action) are able to share that burden in one action, including the evidence assembled by SMV, SMV will have to import that evidence from the separate action if the two cases are kept apart – for the only stated reason that SMV has alleged copying of 322 titles whereas the other non-SMV Plaintiffs have alleged unlawful copying of fewer works.

Additionally, there are at least two common copyrighted works owned by the common Plaintiffs in the two actions that necessarily implicate similar issues of fact – for example, the copyrighted works *Till Death* and *Outpost* are co-owned by SMV, the Plaintiff in the Later Action, and some of the Plaintiffs in the Earlier Action (Til Productions, Inc., and Outpost Productions, Inc). *See* Doc. #55 in the Earlier Action; Doc. #1 in the Later Action. Moreover, since these two titles were tracked by two notice providers, Defendants will have to contest two data providers potentially on separate tracks in each of the two actions.

Comparing the 171 paragraphs of the Complaint in the Later Action with the 231 paragraphs of the Complaint in the Earlier Action reveals the only differences between the Complaints to be that SMV used a different evidentiary source – namely, Irdeto and Facterra – to track the piracy events on RCN's platform, whereas the other Plaintiffs used MaverickEye – albeit for the same exact purpose. While the specific works infringed do also differ, the methods by which the same body of customer did so and the manner in which such infringing conduct is tracked by Plaintiffs and acted up (or not) by Defendants (under the same policies or lack thereof) are the same. Thus, by no means do Plaintiffs' factual allegations lose their common nature simply because they used different software systems to track and detect unauthorized sharing of their

6

copyrighted works by users of RCN's internet service. The nucleus of operative fact – that RCN's subscribers used its services to pirate Plaintiffs' works and that RCN failed to take appropriate action to stop the infringing conduct – remains the same.  And Plaintiffs intend to use the pattern of inaction to help establish a consistent course of conduct by Defendants.  For this reason, the extensive factual allegations of the two complaints are largely identical.

"Secondly, common questions of law support consolidation." *Salem Steel*, 2009 U.S. Dist. LEXIS 62348, at *5.  For instance, both the Complaints allege the same causes of action, namely, claims for contributory and vicarious copyright infringement liability and secondary liability under the Digital Millennium Copyright Act. *See, e.g.*, Complaint at ¶¶ 199-231, Doc. #55 in Earlier Action; Complaint at ¶¶ 139-71, Doc. #1 in Later Action).  "Consolidation of these matters will eliminate the risk of inconsistent results of any dispositive motions on such claims." *Salem Steel*, 2009 U.S. Dist. LEXIS 62348, at *5.

Indeed, Plaintiffs' factual and legal claims ought to be considered together as the core of Plaintiffs' allegations is that RCN has consistently shown a pattern of disregarding its obligations to multiple copyright owners in failing to put in place or implement a DMCA take-down procedure. *See also BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 655 n.15 (E.D. Va. 2015), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) ("Because [ISP] was not acting on or receiving [copyright holder's] notices, the Court's analysis focuses on how [ISP] treated notices of infringement received from third-party copyright owners. As the Ninth Circuit has noted, Section 512(i)(1)(A) requires an assessment of the service provider's 'policy,' not how the service provider treated a particular copyright holder." (Internal quotations and citations omitted)). This consistent pattern of failure (already confirmed in discovery taken to date on all of the claims in issue, including SMV's) demonstrates why RCN should ultimately be deemed a willful infringer

7

and why the Plaintiffs' cases are inherently factually and legally common such that consolidation is appropriate.

**B.     Consolidation Will Conserve the Court's and the Parties' Resources**

Given the many overlapping legal and factual issues, consolidation also will conserve the resources of the Court and the parties.  Consolidation will prevent duplication of discovery, for example.  Further, because the claims will likely involve similar factual disputes and questions, lack of consolidation may subject witnesses to multiple subpoenas and depositions on the same subject matter.  Expert witnesses too will need to duplicate efforts.  The same legal issues will be raised, and no doubt disputed in both actions, creating a distinct risk of inconsistent conclusions. Virtually identical motions will be filed (discovery motions; substantive motions such as for summary judgment; pretrial motions in limine and Daubert motions); the same jury instructions will be presented and disputed, and two separate juries will consider most of the same facts.

**C.     Consolidation Will Not Cause Disruption, Delay, or Prejudice**

No party will be prejudiced by the consolidation.  In fact, the parties have already been proceeding as if the cases were related, and thus cannot be prejudiced now by consolidation.  For example, as noted in Plaintiffs' appeal of the December 6 Magistrate Judge Order, while the motion to amend was pending, the Earlier Action proceeded to discovery on the issues mentioned herein (with all issues being treated together). SMV and the other Plaintiffs had been jointly participating in discovery in the Earlier Action and continue to do so now, awaiting a ruling on their objections to the December 6 Magistrate Judge Order.  For example, Defendants served their first sets of requests for production of documents and interrogatories on November 10, 2023. Plaintiffs (including SMV) responded on December 11, 2023.

Indeed, Plaintiffs' appeal of the December 6, 2023 Magistrate Judge Order, which severed SMV's claims and works from those implicated in the Earlier Action, if granted, may make the

8

Later Action entirely unneeded and wasteful. Thus, if the Later Action proceeds on a separate track while the appeal is pending, the Court and the parties will have spent needless resources.

Thus, the lack of consolidation would actually add to the burdens on the parties and the burdens on the Court, potentially leading to parallel and duplicative proceedings (with duplicative discovery and duplicative trials) on the same core issues.

## IV.  CONCLUSION

Thus, Plaintiffs respectfully request that the Court consolidate the two matters. Consolidation of the two cases is appropriate given the overlap of factual and legal questions, the lack of prejudice to any party, and the overall service of justice and efficiency to be realized by consolidation. However, should the Court find otherwise, Plaintiffs alternatively request that the cases be assigned the same judges.

Dated: January 18, 2024

By: /s Jakob B. Halpern
**SAIBER LLC**
James H. Forte (jforte@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
T: (973) 622-3333
*Attorneys for Plaintiff Screen Media Ventures LLC*

**FOLEY & LARDNER LLP**
Jonathan Moskin (jmoskin@foley.com)
Roma Patel (rlopes@foley.com)
90 Park Avenue
New York, NY 10016
T: (212) 338-3572

By: /s Kerry S. Culpepper
**CULPEPPER IP, LLLC**
Kerry S. Culpepper
(kculpepper@culpepperip.com)
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
T: (808) 464-4047
*Attorney for Plaintiffs*