# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFTER II MOVIE, LLC, AFTER PRODUCTIONS, LLC, AFTER WE FELL PRODUCTIONS, LTD, AFTER EVER HAPPY PRODUCTIONS, LTD, BADHOUSE STUDIOS, LLC, BODYGUARD PRODUCTIONS, INC., CHASE FILM NEVADA, LLC, CINELOU FILMS, LLC, DALLAS BUYERS CLUB, LLC, HANNIBAL MEDIA, INC., HITMAN TWO PRODUCTIONS, INC., JOLT PRODUCTIONS, INC., LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., PARADOX STUDIOS, LLC, RAMBO V PRODUCTIONS, INC., THE GUARD PRODUCTIONS, LTD, TIL PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, and WONDER ONE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC; and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC,<br><br>Defendants. | Case No. 3:21-cv-15310-RK-TJB<br><br>**Return date: February 5, 2024**<br><br>**Oral Argument Requested**<br><br>*Filed Electronically* |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR APPEAL FROM AND OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF DECEMBER 6, 2023**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.  PRELIMINARY STATEMENT ........................................................................................... 1

II. ARGUMENT ......................................................................................................................... 1

    a.    Defendants state the incorrect standard of review because the Order's finding as to prejudice should be reviewed *de novo*, and the finding is nonetheless clearly erroneous. ................................................................................ 4

    b.    SMV's claims are not "separate and distinct" but are rather nearly identical to the claims alleged by the other Plaintiffs, and are thus not futile. ....................... 6

    c.    There was no undue delay. ....................................................................................... 8

    d.    Joinder would not be prejudicial. ............................................................................ 9

III. CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

### Cases

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) .................................................................. 8

*Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) ..................................................................... 9

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634 (E.D. Va. 2015) ........ 11

*Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598 (D.N.J. 2002) .............................................. 4

*Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690 (8th Cir. 1981) ................... 8

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ...................................... 6

*Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245 (3d Cir. 1998) ................................... 5

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) ........................... 9

*Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162 (D.N.J. 1998) ................................... 4, 5

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81 (3d Cir. 1992) ................................................................ 5

*Kenny v. United States*, 489 F. App'x 628 (3d Cir. 2012) ............................................................. 4

*Le v. City of Wilmington*, 2010 WL 2754253 (D. Del. July 12, 2010) .......................................... 9

*Marinac v. Mondelez Int'l, Inc.*, 2019 WL 1767345 (D.N.J. Apr. 22, 2019) ................................. 5

*Marte v. Ltd. Brands*, 2014 WL 1092503 (D.N.J. Mar. 18, 2014) ................................................ 6

*Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133 (3d Cir. 2016) .......................................... 5

*Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007) .................................................. 11

*Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982) .............................................................................. 8

*Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575 (D.N.J. 2001) .................................................. 5

### Statutes

17 U.S.C. § 411(a) ......................................................................................................................... 9

17 U.S.C. § 512(i)(1)(A) .............................................................................................................. 11

17 U.S.C. § 1202 ............................................................................................................................ 6

### Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

Fed. R. Civ. P. 72(a) ...................................................................................................................... 5

Plaintiffs submit this reply brief in support of their appeal from and objections to the December 6, 2023 Opinion and Order of Magistrate Judge Bongiovanni (the "Order") and in response to Defendants' opposition brief (the "Opp. Brief") in connection with Plaintiffs' motion for leave to file the Second Amended Complaint on June 2, 2023.

## I.   PRELIMINARY STATEMENT

In opposing Plaintiffs' appeal, Defendants assert misleadingly that the facts in Screen Media Ventures LLC's ("SMV") claims differ from the other Plaintiffs', ignoring the extensive congruity while identifying two broad differences: the agents who monitored the infringements and the – mostly but not entirely – different works. In fact, as further clarified below, the overlap vastly exceeds the differences, and Plaintiffs will be relying on almost all of the same evidence (particularly as to RCN's liability) whether the claims are tried together or apart.

Despite any "differences," the Order did not find Plaintiffs' motion for leave to file the Second Amended Complaint was not untimely (because there existed no scheduling order against which to measure time); unduly prejudicial (because Defendants will face the same claims anyway); or futile (an issue the Magistrate Judge did not decide on the motion).  Thus, both the Federal Rules and precedent in this Circuit dictate that leave to amend should have been freely granted. Indeed, as to the Plaintiffs other than SMV and their approximately 20 additional works, the Order confirms that there was no undue delay, futility, or prejudice to amending the pleading to add to the First Amended Complaint.  (Order at 12.)  With respect to SMV, the Order also finds that there was no undue delay or futility and thus, the requirement that SMV file a separate complaint turns on perceived prejudice to Defendants given SMV's 322 copyrighted works. (Order at 11-12.) However, neither the Order nor Defendants in their Opposition Brief explain how it is

1

less of a burden to defend the identical legal issues and mostly identical factual issues in two proceedings rather than one.

Defendants then argue that "SMV still has no credible, concrete explanation for waiting so long to attempt to join the case; all Plaintiffs have been able to do is offer vague, unsupported claims that SMV needed to conduct unspecified 'due diligence.'" (Opp. Brief at 3.) But the Order has *already rejected* delay as a basis for denying the motion to amend –stating "Because Plaintiffs' proposed schedule was not entered, and no deadline was or has been set for filing motions to amend the pleadings / join parties, the Court does not fault Plaintiffs for 'failing' to comply with same, nor will the Court apply a more heightened standard to Plaintiffs' request to amend now" (Order at 10-11), and "[t]he Court finds that Plaintiffs' delay is just that, delay, and nothing more, and, as already noted multiple times herein, delay alone does not justify denying a motion to amend" (Order at 12) – and Defendants did not cross-appeal this issue.

Defendants also argue "that SMV's claims against RCN are based on different facts and evidence" but appear to point to only one reason other than the additional SMV copyrighted works: namely, that SMV used two different detection systems for the tracking and enforcement of its intellectual property from the other non-SMV plaintiffs. (Opp. Brief at 3.) Defendants do not demonstrate why this fact alone would increase any burdens on them or on the Court or otherwise render Plaintiffs' motion for leave to file the Second Amended Complaint untimely or futile. Certainly, Defendants' pattern of failing to respond to notices of infringement and failure to have in place or follow a proper program to address such infringing conduct is the same for all of the Plaintiffs' works (a pattern Defendants would be happy to try to obscure from the jury's factfinding).

Defendants further argue: "There is no legitimate dispute that the addition of 320+ copyrighted works owned by SMV and the addition of two new third-party monitoring companies (Irdeto and Facterra) would unduly prejudice RCN by greatly expanding the scope of this case." (Opp. Brief at 19). But mere numerosity of works ignores the efficiencies of scale and is incorrectly premised on a 1-to-1 correlation with increased burden.  It also does not acknowledge the fact that the alterative to one case with all the works is two cases with all the works.  SMV has already filed a separate claim already filed by SMV alleging nearly identical facts, including all 320+ works, and claims against Defendants that are at issue here is not less prejudicial to the parties or less burdensome to the Court.  And at least two of the works have common owners that are now divided in separate proceedings.

Thus, and contrary to Defendants vague claims of prejudice, since the Order was issued denying Plaintiffs' motion for leave to file the Second Amended Complaint with respect to SMV, the burdens on the Court and the parties have only increased. For example, in the last few weeks alone, SMV had to file a separate action in the District Court of New Jersey alleging largely the same facts and claims as presented in the Second Amendment Complaint here as well as related motions to consolidate the two proceedings; Defendants will have to respond to the separate action and the consolidation motion; the Court will have to administer additional motion practice as well as oversee on separate tracks fact and expert discovery, discovery motions, dispositive motions, pretrial proceedings and potentially two nearly identical jury trials (all the while risking inconsistent rulings). Procedurally separating the cases will thus only add to the burdens, underscored by the fact that both cases will be tied together in substance anyway as facts and claims in one are inherently related to the other (for example, showing Defendants' conduct with

3

respect to multiple rights' holders and thus challenging Defendants' alleged safe harbor defense). The same legal issues will be raised, and no doubt disputed in both actions, creating a distinct risk of inconsistent conclusions. Virtually identical motions will be filed (discovery motions; substantive motions such as for summary judgment; pretrial motions in limine and Daubert motions); the same jury instructions will be presented and disputed, and two separate juries will consider most of the same facts. Plaintiffs thus continue to object to and appeal the Order to the extent that it denied the motion to amend to add SMV and its copyrighted works.

## II. ARGUMENT

**a. Defendants state the incorrect standard of review because the Order's finding as to prejudice should be reviewed *de novo*, and the finding is nonetheless clearly erroneous.**

"A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines,* 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing *Gunter v. Ridgewood Energy Corp.,* 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). By imposing a higher burden on SMV than is required by the liberal rules guiding amendment, the Order's finding as to SMV is contrary to the law – thus, even if the Court finds that the motion to amend, in this instance, is non-dispositive and applies a clear error standard, Plaintiffs have shown that the Order is clearly erroneous.

Defendants cite three cases to support the notion that a magistrate judge's denial of a motion to amend, without limitation, is non-dispositive. But each of these is inapposite and none stands for the proposition that an order on a motion for leave to amend is always a non-dispositive order, particularly with respect to legal conclusions. *See Kenny v. United States*, 489 F. App'x 628, 630 n.2 (3d Cir. 2012) (noting that the Third Circuit has not determined whether a motion to

amend that in practice results in dismissal is a dispositive motion). Specifically, in *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, the Court considered whether a party, who did not timely object to a magistrate judge's decision under Rule 72(a) on a motion to amend (which was granted conditioned on a sanctions payment, not denied as Defendants incorrectly state) waives its right to review the order on appeal. 150 F.3d 245, 246 (3d Cir. 1998). The facts, circumstances, and posture here are clearly dissimilar. *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 135 (3d Cir. 2016) (same). Lastly, in *Marinac v. Mondelez Int'l, Inc.,* No. 2:14-7606, the Court explicitly states – contrary to the Defendants' incorrect argument – that findings of law are reviewed de novo *even if* an order on a motion to amend is considered non-dispositive:

> A ruling is contrary to law if the magistrate misapplied or misinterpreted applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). **The Court reviews findings of fact for clear error and legal conclusions *de novo*.** *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

2019 WL 1767345, at *1 (D.N.J. Apr. 22, 2019) (emphasis added). Thus, the *de novo* standard applies to legal conclusions, even for non-dispositive orders. *See Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (applying the *de novo* standard to legal conclusions in order on a motion to amend).

The facts alleged here are not in dispute: both parties acknowledge that the motion to amend would add SMV and its 320+ copyrighted works. Thus, the disagreement concerns the legal conclusion of whether the amendment would be prejudicial to Defendants. Legal conclusions are reviewed *de novo*. And regardless of which standard of review is applied, there is no prejudice to RCN from allowing the amendment.

### b. SMV's claims are not "separate and distinct" but are rather nearly identical to the claims alleged by the other Plaintiffs, and are thus not futile.

An amendment is futile only where it would not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, the First Amended Complaint has already survived Defendants' motion to dismiss. (*See* Doc. #37.) Because Plaintiffs seeks only to add SMV as a party and its own copyrighted works to the same claims as asserted in the First Amended Complaint, this motion is not futile. Indeed, SMV alleges the same causes of action – namely, claims for contributory and vicarious copyright infringement liability and secondary liability for violations of the integrity of copyright management information in the works ("DMCA violations") per 17 U.S.C. § 1202 – as the other Plaintiffs.

To be sure, the Order makes no finding that the amendment would be futile: "Given the Court's determination that the addition of Screen Media would be unduly prejudicial to RCN, the Court does not reach whether said amendment is futile." (Order at 12.) At the same time, the Order clearly finds that the claims of the non-SMV Plaintiffs are not futile.

Because SMV's claims are nearly identical to the non-SMV Plaintiffs' claims, SMV's claims are not futile. *See Marte v. Ltd. Brands*, 2014 WL 1092503 (D.N.J. Mar. 18, 2014) (granting motion to amend to add new plaintiff where the underlying claim remained the same). Yet Defendants reassert their original futility argument, even though it was not addressed in the Order. Defendants state: "… Plaintiffs' proposed amendments to add SMV and its works to this case would be futile" because SMV used different agents to detect and track piracy events on Defendants' network. (Opp. Brief at 13.)

Defendants' contentions suffer from at least two flaws. First, there is no requirement for SMV to allege any specific facts *at all* concerning which agents or methods it used to detect and track piracy events to state a claim for contributory and vicarious copyright infringement and secondary liability for DMCA violations. SMV clearly states the same factual allegations as the non-SMV Plaintiffs in the Second Amended Complaint, and does, despite Defendants' misleading argument and no legal requirement to do so, state with specificity the actions of its agents. (*See e.g.*, Doc. #55, Exhibit A at ¶¶ 99-108.) For example, SMV states: "Upon information and belief, between August 13, 2018 and present, Facterra identified over 60,000 instances of sharing copies of SMV's Works, including without limitation over 25,000 instances of the Works identified herein in Exhibit "A", that were confirmed at IP addresses belonging to Defendant's subscribers" (*Id*. at ¶ 108) and "Irdeto generated and sent Notices styled per the DMCA to service providers of IP addresses where it confirmed infringement of copyright protected content." (*Id*. at ¶ 136.)

Second, the 171 paragraphs of the Complaint in the later action filed by SMV (Doc. #1 in Civil Action No. 3:23-23356 (MAS) (TJB)) and the 202 paragraphs of the original Amended Complaint here (Doc. #22), which survived a motion to dismiss, contain almost identical allegations. Indeed, the only difference, besides in the actual works themselves, is that SMV used a different evidentiary source – namely, Irdeto and Facterra – to track the piracy events on Defendants' platform, whereas MaverickEye tracked the works of other Plaintiffs *but for the same exact purpose*. While the specific works infringed do also differ, the methods by which the same body of Defendants' subscribers directly infringed those works and Defendants' inaction thereto are the same, regardless of who owns the copyrighted works at issue.

7

### c. There was no undue delay.

Without filing their own objections, Defendants likewise seek to reargue alleged undue delay, which the Order already found lacking. In *rejecting* delay as a basis for denying the motion to amend, the Order states: "Because Plaintiffs' proposed schedule was not entered, and no deadline was or has been set for filing motions to amend the pleadings / join parties, the Court does not fault Plaintiffs for 'failing' to comply with same, nor will the Court apply a more heightened standard to Plaintiffs' request to amend now" (Order at 10-11) and "[t]he Court finds that Plaintiffs' delay is just that, delay, and nothing more, and, as already noted multiple times herein, delay alone does not justify denying a motion to amend." (Order at 12.) Thus, the Order found that adding the additional Plaintiffs as a party did not entail any undue delay in these proceedings (and the same should include SMV).

Initially, the Court has yet to enter a scheduling order, much less any trial schedule, and thus there is simply no schedule to delay.

Second, even if there has been some "delay," that delay has not been "undue." "There is … no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) (citing favorably *Tefft v. Seward*, 689 F.2d 637, 639–40 (6th Cir. 1982) (delay of four years not undue and allowing amendment) and *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) (delay of two and a half years not undue and allowing amendment)). Instead, in the Third Circuit, if the moving party can articulate a "colorable excuse" for not moving to amend earlier, there is generally no undue delay. *See Arthur*, 434 F.3d 196.

Here, Plaintiffs articulated a reason that plainly would constitute a "colorable excuse" for any perceived delay: SMV only recently completed its due diligence in gathering the registration

8

details of its hundreds of copyrighted titles and reviewing extensive data regarding the conduct of Defendants' subscribers (which include thousands of individual piracy events). This is new information that was not vetted until after the original operative pleading in this case was filed. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019) (concluding that 17 U.S.C. § 411(a) requires the Register to register the copyright); *Le v. City of Wilmington*, 2010 WL 2754253, at *3 (D. Del. July 12, 2010) (finding no undue delay where the moving party moved to amend "promptly after [it] discovered the information supporting the proposed amendment").

        **d.**        **Joinder would not be prejudicial.**

To claim undue prejudice, Defendants must show that they would be "unfairly disadvantaged or deprived of an opportunity to present facts or evidence which [they] would have offered" and cannot merely gesture towards some abstract burden. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Here, where discovery has only just begun and the parties including SMV have been conducting such discovery jointly, there is no prejudice to Defendants, who have not been disadvantaged or deprived of an opportunity to obtain discovery or present any facts or evidence.

For instance, both the Complaints in this action and the one later filed by SMV allege the same causes of action, namely, claims for contributory and vicarious copyright infringement liability and secondary liability for DMCA violations. (*See, e.g.*, Complaint at ¶¶ 199-231, Doc. #55; Complaint at ¶¶ 139-71, Doc. #1 in Civil Action No. 3:23-23356 (MAS) (TJB).) Thus, whether Defendants defend against SMV and its 322 works in the separately filed action or in the present case – as the parties were already doing up until the Order – the burdens on Defendants

9

are the same. Indeed, if the Order is not overturned with respect to SMV, forcing both parties to litigate the same issues in separate actions, it will lead to parallel and duplicative proceedings.

Defendants only specific statements as to the burden they face are that SMV is alleging the infringement of different and more works than the other Plaintiffs and that SMV used different software systems to track the infringement of those works, which according to Defendants, "would require different fact and technical expert discovery on the operation of these different systems." (Opp. Brief at 20). However (and putting aside the point that "technical expert discovery" on the inner workings of a particular infringement detection system is hardly an element of a claim for secondary infringement), even to the extent Defendant argue that "[c]opyright ownership, validity, infringement, and damages all must be assessed on a work-by-work basis," (*id.*), this does not translate to an additional burden on Defendants ***as a result of joinder***. That is, even if it were true that more infringed works translate to greater burdens, such burdens are not the result of SMV joining this action, but rather, the result of mass unchecked piracy on Defendants' network. Indeed, the more works Defendants secondarily infringed, the greater the burden they face in responding to complaints related to those works, regardless of whether or not SMV joins this action.

Moreover, for the avoidance of doubt and as explained above, the fact that different evidentiary sources were used by Plaintiffs is also not prejudicial to Defendants. Defendants do not face additive burdens merely because SMV and the other Plaintiffs used different software systems to track and detect unauthorized sharing of their copyrighted works by users of

10

Defendants' internet service. The discovery and legal claims arising out of these facts will be highly similar.[1]

Further, Plaintiffs are entitled to rely upon the pattern of inaction from Defendants with respect to takedown notices sent by multiple rights holders to help establish a consistent course of conduct by Defendants. This not only highlights the fact that discovery in one case will be inherently tied to discovery in the other, but it also goes towards the very nature of Plaintiffs' claims identical claims for contributory and vicarious copyright infringement liability and secondary liability for DMCA violations. For example, whether Defendants were aware of and/or encouraged by inaction or otherwise mass piracy events of copyrighted works is inherently related to their claim of "safe harbor" under the DMCA.  The issue of whether Defendants fall into a safe harbor is not limited to how Defendant responded to notices sent on behalf of SMV by Irdetor or Facterra, but is evaluated in view of Defendants' response to notices from all copyright holders including MEU.  *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007) ("…actions towards copyright holders who are not a party to the litigation are relevant in determining whether CCBill and CWIE reasonably implemented their repeat infringer policy. Section 512(i)(1)(A) requires an assessment of the service provider's "policy," not how the service provider treated a particular copyright holder.").

---

[1] Additionally, although Defendants argue that *The Outpost* is not jointly owned by SMV and Outpost Productions, Inc. (*see* Opp. Brief at 21), they previously asserted that SMV owns rights to *The Outpost* and thus this title should not be in the Second Amended Complaint.  *See* Culpepper Decl. Ex. A; *see also id.* Ex. B (*The Outpost* is in SMV's library of films).  In any case, and as Plaintiffs have repeatedly and consistently asserted, both SMV and Outpost Productions, Inc. are "owners, distributors, and/or beneficial owners of the copyrights in the Works…," Doc. #55-1, ¶ 64, and these allegations should be accepted as true for purposes of this appeal.

Indeed, discovery so far has already shown that Defendants have consistently disregarded their obligations to multiple copyright owners in failing to put in place or implement a DMCA take-down procedure. *See BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 655 n.15 (E.D. Va. 2015), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) ("Because [ISP] was not acting on or receiving [copyright holder's] notices, the Court's analysis focuses on how [ISP] treated notices of infringement received from third-party copyright owners. This consistent pattern of failure demonstrates that the discovery and questions for trial related to Plaintiffs' cases are inherently factually and legally common such that trying them together will reduce the burdens on the parties and this Court.

### III.     CONCLUSION

For the above reasons, and those state in Plaintiffs' opening brief, Plaintiffs respectfully request that this Court reverse the Magistrate Order and grant Plaintiffs leave to file an amended pleading adding Screen Media Ventures LLC as a Plaintiff and allegations of infringement of SMV's copyright protected works.

Dated:  January 23, 2024

By:     /s Jakob B. Halpern
        **SAIBER LLC**
        James H. Forte (jforte@saiber.com)
        Jakob B. Halpern (jhalpern@saiber.com)
        18 Columbia Turnpike, Suite 200
        Florham Park, NJ 07932
        T: (973) 622-3333
        *Attorneys for Plaintiff Screen Media Ventures LLC*

12

        **FOLEY & LARDNER LLP**
        Jonathan Moskin (jmoskin@foley.com)
        Roma Patel (rlopes@foley.com)
        90 Park Avenue
        New York, NY 10016
        T: (212) 338-3572

By:   /s Kerry S. Culpepper
        **CULPEPPER IP, LLLC**
        Kerry S. Culpepper
        (kculpepper@culpepperip.com)
        75-170 Hualalai Road, Suite B204
        Kailua-Kona, Hawaii 96740
        T: (808) 464-4047
        *Attorney for Plaintiffs*